RECEIPT # 67022
AMOUNT $250
SUMMONS ISSUED Y-5
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. /2
DATE 9-20-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAPPSEALS, INC.,              )
                              )
        Plaintiff,            )
                              )
v.                            )
                              )
DIRECT MARKETING CONCEPTS, INC., )
ITV DIRECT, INC., DIRECT      )
FULFILLMENT, LLC, DONALD      )
BARRETT, and ROBERT MAIHOS,   )
                              )    05-11907 JLT
        Defendants.           )
                              )    MAGISTRATE JUDGE Dein
                              )

## COMPLAINT

Plaintiff, Cappseals, Inc. ("Cappseals"), a judgment creditor in the amount of $1,041,684.49 has initiated this action to recover its judgment from an entity, Direct Marketing Concepts, Inc. ("DMC"), and persons who have benefited from fraudulent conveyances that have diverted assets away from the judgment debtors, ITV Direct, Inc. and Direct Fulfillment, LLC (collectively referred to herein as the "Judgment Debtors"). Cappseals also seeks to have the Court declare that DMC should be responsible for the judgment debt because it has operated as the alter ego of the Judgment Debtors.

### I.   PARTIES AND JURISDICTION

1.   Cappseals is and was at all relevant times a Washington corporation with its principal place of business in Vancouver, Washington.

2.   Defendant DMC is and was at all times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. On information and belief, DMC shares the same officers, directors and shareholders as ITV Direct.

3.  Defendant DMC is and was at all times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. On information and belief, DMC shares the same officers, directors and shareholders as ITV Direct.

4.  Defendant ITV Direct, Inc. ("ITV Direct") is and was at all relevant times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.

5.  Defendant Direct Fulfillment, LLC ("Direct Fulfillment") is and was at all relevant times a Massachusetts limited liability company with its principal place of business in Beverly, Massachusetts. On information and belief, Direct Fulfillment is related to ITV Direct and serves as a warehousing facility for ITV Direct.

6.  Defendant Donald Barrett is a resident of Massachusetts and is the President and a Director of both ITV Direct and DMC. Mr. Barrett also owns 50% of both companies.

7.  Defendant Robert Maihos is a resident of Massachusetts and is the Treasurer, Secretary and a Director of both ITV Direct and DMC. Mr. Maihos also owns the remaining 50% of both companies.

8.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 because there is diversity among the parties and the amount in controversy exceeds $75,000.

9.  Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) (1-3) because defendants ITV Direct, Direct Fulfillment and DMC are Massachusetts corporations and have as their principal place of business Massachusetts and Massachusetts is where a substantial part of the events giving rise to claim occurred.

## II.  ADDITIONAL FACTS

### The ITV Parties' Debt For Shipments Received.

10. In early April 2003, ITV Direct entered into a distribution agreement (the "Distribution Agreement") with Healthy Solutions, LLC., d/b/a Direct Business Concepts ("DBC") by which ITV Direct was to produce an infomercial for the purpose of marketing a health supplement developed by Healthy Solutions called Supreme Greens (the "Product").

11. DBC sold ITV Direct 303,643, bottles of the Product all of which were manufactured and shipped by Cappseals.

12. The 303,643 bottles were made up of six separate shipments placed in response to a "standing" purchase order ("Purchase Order 1101") that was issued to DBC on November 21, 2003 requesting shipments of 50,000 bottles of the Product per week.

13. Direct Fulfillment received the shipments of the Product pursuant to Purchase Order 1101. ITV Direct and/or Direct Fulfillment were invoiced $1,821,864.00 – $890,000 (approx.) of which was owed to Cappseals for the six shipments.

14. The Product was thereafter re-sold at a significant profit.

15. After ITV Direct refused to pay the balance owed to DBC for the Product, a lawsuit was initiated wherein the parties litigated the debt owed for the Product. This action, which is still pending in this Court, is entitled *ITV Direct, Inc. v. Healthy Solutions, L.L.C.*, Civil Action No.04-10421-JLT (the "Payment Proceeding").

16. Cappseals initially intervened in the Payment Proceeding on April 14, 2004, initiating claims against ITV, Direct Fulfillment and Healthy Solutions based upon their failure

to pay Cappseals for its part in the manufacture and delivery of the Product.

### Cappseals' Judgment Against the ITV Parties.

17. On July 20, 2005 this Court granted Cappseals summary judgment motion and determined – as a matter of law – that ITV Direct and Direct Fulfillment were indebted to Cappseals for the six shipments of the Product manufactured by Cappseals. The Court endorsed a judgment in favor of Cappseals (the "Judgment") having determined that "there is no just reason to further delay payment for goods delivered, accepted and re-sold."

### The ITV Parties Have Co-Mingled Assets with Related Parties and Persons.

18. ITV Direct and Direct Fulfillment have conducted their distribution operations in conjunction with a third related corporate entity, DMC. DMC is a company wholly owned by the principals of ITV Direct, Donald Barrett and Robert Maihos. Additionally, Mr. Barrett and Mr. Maihos hold identical management roles at each company.

19. While Cappseals was directed to ship the Product to Direct Fulfillment pursuant to Purchase Order 1101, at some point in time, "ownership" of the of the Product inventory was transferred to DMC.

20. ITV Direct and Direct Fulfillment received less than reasonably equivalent value for the transfer of the Product inventory to DMC.

21. ITV Direct and Direct Fulfillment by and through its principals, Mr. Barrett and Mr. Maihos, made the transfer with the actual intent to hinder, delay or defraud the creditors of ITV Direct and Direct Fulfillment.

22. At the time of the transfers, ITV Direct and Direct Fulfillment by and through its

principals, Mr. Barrett and Mr. Maihos, intended ITV Direct and Direct Fulfillment to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

23. Subsequent to the transfers DMC used its inventory of the Product to generate revenues exceeding $16 million resulting in an accumulation of millions of dollars in assets.

24. At the same time, any liquid assets ITV Direct generated for its part in the companies' business were transferred to DMC, Mr. Barret and Mr. Maihos, leaving ITV Direct a shell entity with a negative balance sheet and insufficient monies to satisfy the Judgment.

25. Despite their corporate forms and feigned attempts at intra-company transfers, ITV Direct, DMC and Direct Fulfillment have been operated as one single entity.

### III. CLAIMS FOR RELIEF

#### COUNT I

**(Fraudulent Transfer, M.G.L. c. 109A, §5: Defendants ITV Direct, Direct Fulfillment, DMC, Donald Barrett and Robert Maihos)**

26. Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

27. ITV Direct and Direct Fulfillment by and through its principals, Donald Barrett and Robert Maihos, made the transfer of the Product inventory or other assets of ITV Direct and Direct Fulfillment with the actual intent to hinder, delay or defraud the creditors of ITV Direct and Direct Fulfillment or without receiving a reasonably equivalent value in exchange for such transfers.

28.   ITV Direct and Direct Fulfillment by and through its principals, Mr. Barrett and Mr. Maihos, intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

29.   Cappseals may avoid the purported transfers to the extent necessary to satisfy its claims under M.G.L. c. 109A, §8.

30.   Cappseals may recover the value of ITV Direct and Direct Fulfillment's right, title and interest in the Product inventory and/or other assets fraudulently transferred to DMC, Donald Barrett or Robert Maihos to the extent necessary to satisfy its Judgment under M.G.L. c. 109A, §8.

## COUNT II

### (Fraudulent Transfer, M.G.L. c. 109A, § 6: Defendants ITV Direct, Direct Fulfillment, DMC, Donald Barrett and Robert Maihos)

31.   Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

32.   ITV Direct and Direct Fulfillment by and through its principals, Donald Barrett and Robert Maihos, made the transfer of the Product inventory or other assets of ITV Direct or Direct Fulfillment without receiving a reasonably equivalent value for such transfers.

33.   ITV Direct and Direct Fulfillment were insolvent at the time of the purported transfers or became insolvent as a result of the purported transfers.

34.   At the time of the transfers, the claims of DBC, Cappseals and/or other creditors of ITV Direct and Direct Fulfillment had arisen and remained unpaid.

35. Cappseals may avoid the purported transfers to the extent necessary to satisfy its claims under M.G.L. c. 109A, §8.

36. Cappseals may recover the value of ITV Direct and Direct Fulfillment's right, title and interest in the Product inventory or other assets fraudulently transferred to DMC, Donald Barrett or Robert Maihos to the extent necessary to satisfy its Judgment under M.G.L. c. 109A, §8.

### COUNT III

### (Alter Ego)

37. Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

38. ITV Direct, Direct Fulfillment and DMC share the same directors and officers.

39. ITV Direct, Direct Fulfillment and DMC are all wholly owned, controlled and directed by Donald Barrett and Robert Maihos

40. ITV Direct, Direct Fulfillment and DMC do not operate as independent entities.

41. Upon information and belief, ITV Direct and Direct Fulfillment were intentionally created and have been operated as corporations with insufficient monies to satisfy any judgment against them and to create a layer between DMC, Donald Barrett, Robert Maihos and their respective creditors.

42. ITV Direct, Direct Fulfillment and DMC are alter egos and are not separate entities.

43. DMC is, therefore, bound by any obligation incurred by ITV Direct or Direct Fulfillment.

44. Honoring the corporate separateness of ITV Direct, Direct Fulfillment and DMC will promote fraud, create injustice and inflict gross inequity by shielding the corporate defendants from liability for the Judgment and other amounts that may be due to Cappseals.

## COUNT IV

### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

45. Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

46. The allegations recited above constitute an actual controversy within this Court's jurisdiction.

47. Cappseals is an interested parties to this controversy.

48. Cappseals requests that the Court declare that ITV Direct and Direct Fulfillment fraudulently transferred assets to DMC and its principals, Donald Barrett and Robert Maihos with the intent to hinder, delay or defraud Cappseals and other creditors of ITV Direct and Direct Fulfillment.

49. Cappseals requests that the Court declare that the fraudulent transfers of assets from ITV Direct and Direct Fulfillment to DMC, Donald Barrett and Robert Maihos are void.

50. Cappseals requests that the Court declare that DMC is obligated to pay any debts, obligations and/or judgments that have been or will be issued against ITV Direct and Direct Fulfillment and in favor of Cappseals as a result of their failure to operate ITV Direct, Direct

Fulfillment and DMC as separate corporate entities.

## COUNT V

### (Constructive Trust Upon Assets of DMC, Donald Barrett and Robert Maihos)

51. Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

52. DMC, Donald Barrett and Robert Maihos have been unjustly enriched by obtaining the right, title and interest in the assets of ITV Direct and Direct Fulfillment without paying fair value for such assets.

53. A constructive trust should be imposed over any and all of DMC, Donald Barrett and Robert Maihos' goods, receivables, or proceeds arising out of the transfers made to them by ITV Direct and Direct Fulfillment.

54. This constructive trust is held by DMC, Donald Barrett and Robert Maihos for the benefit of ITV Direct, Direct Fulfillment and their creditors.

## COUNT VI

### (Reach and Apply)

55. Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

56. By virtue of their positions as officers and directors, Donald Barrett and Robert Maihos owed fiduciary duties to ITV Direct, Direct Fulfillment the Debtor and their creditors, including the duty to use due care, diligence and skill in managing the affairs of ITV Direct and Direct Fulfillment.

57. By virtue of their positions as directors or officers, Donald Barrett and Robert Maihos owed fiduciary duties to ITV Direct and Direct Fulfillment, including the duty of loyalty not to waste, divert and/or convert corporate assets to their own use and benefit.

58. As heretofore alleged, Donald Barrett and Robert Maihos breached their fiduciary duties to ITV Direct, Direct Fulfillment and their creditors.

59. As a direct and proximate result of the breaches of fiduciary duties, ITV Direct, Direct Fulfillment and their creditors have suffered substantial economic damage.

WHEREFORE, in addition to the relief requested in the Complaint, Cappseals prays for relief against the defendants as follows:

(1) A declaration that ITV Direct and Direct Fulfillment fraudulently transferred assets to DMC and its principals, Donald Barrett and Robert Maihos with the intent to hinder, delay or defraud Cappseals and other creditors of ITV Direct and Direct Fulfillment;

(2) A Declaration that the fraudulent transfers of assets from ITV Direct and Direct Fulfillment to DMC, Donald Barrett and Robert Maihos are void;

(3) An Order requiring DMC, Donald Barrett and Robert Maihos to transfer to ITV Direct all assets obtained through such fraudulent transfers to the extent necessary to satisfy the Judgment;

(4) A declaration that ITV Direct, Direct Fulfillment and DMC are alter egos and are not separate entities;

(5) A declaration that DMC is obligated to pay any debts, obligations and/or judgments that have been or will be issued against ITV Direct and Direct Fulfillment and in favor of Cappseals;

(6) Judgment against DMC, Donald Barrett and Robert Maihos in the principal sum of $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein;

(7) Judgment against Donald Barrett and Robert Maihos and in favor of ITV Direct, Direct Fulfillment and DMC in an amount to be determined at trial for the damages caused by said individuals misconduct, breach of their fiduciary duties to

-10-

said companies in mismanaging their affairs, and, the excessive compensation they received from said companies;

(8) The imposition of a constructive trust over any and all of DMC's goods, receivables, or proceeds arising out of the sale of the Product, and that this constructive trust is held by for the benefit of Cappseals;

(9) A finding for Cappseals on all Counts stated herein and within the Complaint;

(10) A finding against the defendants-in-counterclaim; and

(11) Award of such other and further relief as the Court deems equitable and just.

> Cappseals, Inc.
> By its attorneys,
>
> /s/ Scott Silverman
>
> Daniel J. Kelly, BBO # 553926
> dkelly@ghlaw.com
> Scott A. Silverman, BBO # 638087
> ssilverman@ghlaw.com
> Gadsby Hannah LLP
> 225 Franklin Street
> Boston, MA 02110
> (617) 345-7000

September 20, 2005

B0429904v1

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
CAPPSEALS, INC.

**05-11907 JLT**

**DEFENDANTS**
ITV DIRECT, INC., DIRECT FULFILLMENT, LLC, DIRECT MARKETING CONCEPTS, INC., DONALD BARRETT and ROBERT MAIHOS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Vancouver, WA
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Essex, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Daniel J. Kelly    617-345-7000
Scott Silverman
Gadsby Hannah LLP
225 Franklin St., Boston, MA  02110

**ATTORNEYS (IF KNOWN)**
Peter S. Brooks    617-946-4991
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff seeks to recover judgment debt from an entity that has operated as the alter ego of the judgment debtors and from persons/entities that have benefitted from fraudulent transfers that have liquidated the judgment debtors.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☒ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint:  **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE Joseph Tauro    DOCKET NUMBER 04-CV10421-JLT

DATE 9-20-05    SIGNATURE OF ATTORNEY OF RECORD Scott S.

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (name of first party on each side only)  Cappseals, Inc. v. Direct Marketing Concepts, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS, BASED UPON THE NUMBERED NATURE OF SUIT LISTED IN THE CIVIL COVER SHEET:  (SEE LOCAL RULE 8(a))

   ____   I.   - 160, 410, R.23, regardless of nature of suit.

   ____   II.  - 195, 368, 400, 440, 441-444, 540, 550,
                 710, 720, 730, 740, 790, 791, 820, 830,
                 840, 850, 890, 892-894, 895, 950.

   ____   III. - 110, 120, 130, 140, 151, 190, 210, 230,
                 240, 245, 290, 310, 315, 320, 330, 340,
                 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ____   IV.  - 220, 422, 423, 430, 460, 510, 530, 610,
                 620, 630, 640, 650, 660, 690, 810, 861-865,
                 870, 871, 875, 900.

   __X__  V.   - 150, 152, 153.

   **05-11907 JLT**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES (see Local Rule 8(d)
   ITV Direct, Inc. v. Health Solutions, LLC, C.A. No. 04-CV10421-JLT

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?  No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS, AFFECTING THE PUBLIC INTEREST?  No
   IF SO, IS THE US OR AN OFFICER, AGENT OF EMPLOYEE OF THE US A PARTY? _____
   (see 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?  No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE WESTERN SECTION OF THE DISTRICT OF MASSACHUSETTS IN THE COUNTIES OF:  No

   Berkshire, Franklin, Hampden, and Hampshire

8. DO THE ONLY PARTIES IN MASSACHUSETTS RESIDE IN THE WESTERN SECTION?

   YES _____   NO  X

9. IF ANY OF THE PARTIES ARE THE US, THE COMMONWEALTH OF MASS, OR ANY GOVERNMENTAL AGENC OF EITHER THE US OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE WESTERN SECTION OF THE DISTRICT _____

(Please Print)
Attorney's Name  Scott A. Silverman

Address  Gadsby Hannah LLP, 225 Franklin St., Boston, MA  02110

Telephone No.  617-345-7000