UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPPSEALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DIRECT MARKETING CONCEPTS, INC., ) | CIVIL ACTION NO. 05-11907-JLT |
| ITV DIRECT, INC., DIRECT ) | |
| FULFILLMENT, LLC, DONALD ) | |
| BARRETT, and ROBERT MAIHOS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## CAPPSEALS, INC.'S NOTICE OF PENDING MOTION

Pursuant to the Court's Discovery Order of April 5, 2006, this notice is filed to alert the

Court that the Motion for Partial Summary Judgment (the "Motion" - Docket No. 10) filed by

plaintiff Cappseals, Inc. ("Cappseals") on November 10, 2005 is still pending and has not been

scheduled for oral argument.  The Motion requests – among other relief – that the Court declare

that Direct Marketing Concepts, Inc.'s ("DMC") is a co-obligor of the same debt that resulted in

the judgment that this Court issued against ITV Direct, Inc. ("ITV" or the "Judgment Debtor")

on August 3, 2005 (the "Judgment") in a related proceeding, *ITV Direct, Inc. v. Healthy*

*Solutions, LLC et al*, C.A. No. 04-CV10421-JLT (the "Related Action").  The Opposition to

Cappseals' Motion filed by DMC (Docket No. 15, p. 2, f.n. 2) made specific reference to an

appeal of the Judgment that was, at the time, pending before the First Circuit Court of Appeals.

Earlier this week ITV's appeal in the "Related Action" was denied when the First Circuit

affirmed this Court's Judgment.

For the Court's convenience, copies of the First Circuit's April 17, 2006 Judgment and Opinion are attached as **Exhibit 1** and **Exhibit 2** respectively.

Cappseals, Inc.
By its attorneys,

/s/ Scott A. Silverman
Daniel J. Kelly, BBO # 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO # 638087
ssilverman@ghlaw.com
Peter Antonelli, BBO # 661526
pantonelli@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Cappseals, Inc.'s Notice of Pending Motion* was served on the foregoing attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

Via electronic notification:

Peter S. Brooks          pbrooks@seyfarth.com

Susan W. Gelwick        sgelwick@seyfarth.com

Christopher F. Robertson      crobertson@seyfarth.com

/s/ Scott A. Silverman
Daniel J. Kelly BBO# 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO #638087
ssilverman@ghlaw.com
Peter Antonelli BBO # 661526
pantonelli@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

DATED:  April 21, 2006

- 3 -

B0440462v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPPSEALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DIRECT MARKETING CONCEPTS, INC., ) | CIVIL ACTION NO. 05-11907-JLT |
| ITV DIRECT, INC., DIRECT ) | |
| FULFILLMENT, LLC, DONALD ) | |
| BARRETT, and ROBERT MAIHOS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**EXHIBIT 1**

# United States Court of Appeals
## For the First Circuit

No. 05-2323

ITV DIRECT, INC.; DIRECT FULFILLMENT, LLC,

Plaintiffs, Appellants.

CAPPSEALS, INC.,

Intervenor-Plaintiff, Appellee,

v.

HEALTHY SOLUTIONS, LLC, A California Limited Liability Corp.,
d/b/a Direct Business Concepts; HEALTH SOLUTIONS, INC., A California Corp.;
ALEJANDRO GUERRERO, individually and as a Member of Healthy Solutions, LLC, and as
Officer and Director of Health Solutions, Inc., MICHAEL HOWELL, individually and as a
Member of Healthy Solutions, LLC, and as Officer and Director of Health Solutions, Inc.; GREG
GEREMESZ, individually and as a Member of Healthy Solutions, LLC, and as Officer and
Director of Health Solutions, Inc.; DOES 1-10, INCLUSIVE,

Defendants, Appellees.

### JUDGMENT

Entered: April 17, 2006

This cause came on to be heard on appeal from the United States District Court for the
District of Massachusetts and was argued by counsel.

Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The
decision of the district court is affirmed.

By the Court:

RICHARD CUSHING DONOVAN

Richard Cushing Donovan, Clerk

[cc: Mr. Levin, Mr. Kelly, Mr. Silverman, Ms. Cataldo, Mr. Antonelli, Ms. Gelwick, Mr. Brooks, Mr. Robertson and Mr. Larkin]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAPPSEALS, INC.,                              )
                                             )
          Plaintiff,                         )
                                             )
v.                                           )
                                             )
DIRECT MARKETING CONCEPTS, INC.,             )    CIVIL ACTION NO. 05-11907-JLT
ITV DIRECT, INC., DIRECT                     )
FULFILLMENT, LLC, DONALD                     )
BARRETT, and ROBERT MAIHOS,                  )
                                             )
          Defendants.                        )
                                             )
                                             )
                                             )

**EXHIBIT 2**

# United States Court of Appeals
## For the First Circuit

No. 05-2323

ITV DIRECT, INC.; DIRECT FULFILLMENT, LLC,

Plaintiffs, Appellants.

CAPPSEALS, INC.,

Intervenor-Plaintiff, Appellee,

v.

HEALTHY SOLUTIONS, LLC, A California Limited Liability Corp.,
d/b/a Direct Business Concepts; HEALTH SOLUTIONS, INC., A
California Corp.; ALEJANDRO GUERRERO, individually and as a
Member of Healthy Solutions, LLC, and as Officer and Director of
Health Solutions, Inc., MICHAEL HOWELL, individually and as a
Member of Healthy Solutions, LLC, and as Officer and Director of
Health Solutions, Inc.; GREG GEREMESZ, individually and as a
Member of Healthy Solutions, LLC, and as Officer and Director of
Health Solutions, Inc.; DOES 1-10, INCLUSIVE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Lipez, Circuit Judges.

Christopher F. Robertson with whom Peter S. Brooks, Susan W.
Gelwick and Seyfarth Shaw LLP were on brief for appellants.

Daniel J. Kelly with whom Scott A Silverman, Peter Antonelli and Gadsby Hannah LLP were on brief for intervenor-plaintiff, appellee.

---

April 17, 2006

---

**BOUDIN, <u>Chief Judge</u>**.  This case grows out of contractual arrangements and transactions involving three different companies: plaintiff-appellant ITV Direct, Inc. ("ITV")--essentially a promoter-distributer; Healthy Solutions, LLC ("Healthy Solutions"), defendant in the district court but not a party to this appeal, which created a food supplement called Supreme Greens; and Cappseals, Inc., intervenor-appellee, which undertook to manufacture Supreme Greens for Healthy Solutions to sell to ITV.

ITV and Healthy Solutions entered into a distribution agreement in April 2003.  The agreement provided that ITV would market the product primarily through television infomercials, and that Alex Guerrero, developer of Supreme Greens and associated with Healthy Solutions--and purportedly a doctor of some kind--would participate and appear in the infomercials.  The agreement provided <u>inter alia</u>:

> During the term of this Agreement, [ITV] shall issue purchase orders to [Healthy Solutions] for the Products, which purchase orders shall state: "This purchase order is placed under the terms and conditions of the Distributor Agreement between [ITV] and [Healthy Solutions], dated March __, 2003."

In the event, purchase orders placed by ITV did not include this stipulated language.  The purchase order at issue in this case--for a quantity of Supreme Greens for which ITV has not yet paid Healthy Solutions and Healthy Solutions has not yet paid Cappseals--contained price, quantity, and delivery terms, and was

a "standing" order for a weekly shipment of Supreme Greens, "subject to change or cancellation upon 30 day written notice."

Thereafter, ITV learned of an investigation by the Food and Drug Administration ("FDA") and the Federal Trade Commission ("FTC") concerning unsupported health claims made about Supreme Greens by Guerrero--claims found in the product packaging and labeling and repeated in the infomercials. In February 2004, ITV suspended all future product shipments, stopped payment on its most recent check, and told Healthy Solutions that it would not pay any of the outstanding invoices until future notice.

At that time, ITV owed Healthy Solutions $931,680.91 (now at least $1,086,672.80 with interest) for the Supreme Greens already shipped and received. Healthy Solutions was apparently unable to pay Cappseals without the payments from ITV, and owed Cappseals $890,183.09 (now at least $1,041,684.49 with interest). In March 2004, ITV followed up by suing Healthy Solutions and Guerrero, as well as other Healthy Solutions executives, named and unnamed, in federal district court based on diversity of citizenship. 28 U.S.C. § 1332 (2000).

ITV eventually sought to recover against Healthy Solutions for, among other things, breach of contract, fraud, and violations of the Massachusetts consumer protection act, Mass. Gen. Laws ch. 93A (2002). Healthy Solutions counterclaimed against ITV for, among other things, breach of contract, unfair competition,

-4-

and account stated.  Cappseals, still unpaid, was granted leave to intervene and asserted its own claims for breach of contract against both Healthy Solutions and ITV, and sought to reach and apply any judgment Healthy Solutions obtained against ITV under Mass. Gen. Laws ch. 214 § 3(6) (2002).[1]

When Cappseals moved to intervene in this action, it also moved for a preliminary injunction against Healthy Solutions, which the district court granted on April 14, 2004, preventing Healthy Solutions from "selling, compromising, transferring, assigning, or otherwise disposing of . . . its interest in any and all monies due or to become due to [Healthy Solutions] from ITV Direct." Cappseals' concern, apparently now a reality, was that Healthy Solutions would be judgment-proof and its most valuable asset would be its own claims against ITV.

In May 2004, the FTC filed a separate action in the same district court against ITV and Healthy Solutions seeking injunctive relief and restitution for false claims made in the infomercials. The FTC entered into a permanent injunction and stipulated final order with Healthy Solutions; the case is apparently still ongoing

---

[1]"Reach and apply" is a statutory remedy under Massachusetts law typically used to prevent the transfer of intangible assets in the hands of the debtor through an injunction ("reach"), and to use those assets to satisfy a debt owed to the plaintiff that has not yet been reduced to a judgment ("apply"). 6 Smith & Zobel, Massachusetts Practice § 4.1.6 (1974); In re Borofsky, 138 B.R. 345, 347 (Bankr. D. Mass. 1992).

as to ITV, against whom the FTC has obtained a preliminary injunction.

In June 2004, Cappseals moved for partial summary judgment, which the district court denied. Discovery closed on February 1, 2005. In March 2005, Healthy Solutions (although seemingly unable to pay) offered to consent to judgment in Cappseals' favor for the entire amount owed and to have the preliminary reach and apply injunction made permanent; the district court entered the permanent injunction on April 1, 2005. The consent to judgment was later reduced to a judgment in Cappseals' favor in the amount of $890,182.09 (plus interest).

At virtually the same time, and unknown to Cappseals, ITV and Healthy Solutions privately agreed to dismiss their claims against each other and filed a joint motion requesting the district court approve their stipulation of dismissal. The district court granted the motion but then immediately withdrew approval on learning that Cappseals--its reach and apply injunction against Healthy Solutions still in place--had not consented to Healthy Solutions' release of its own claims against ITV.

In July 2005, on Cappseals' motion, the district court granted summary judgment against Healthy Solutions in Cappseals' favor for the latter's unpaid-for deliveries of Supreme Greens. Separately, the court granted summary judgment first against ITV for failing to pay Healthy Solutions for the same goods and then

against ITV in favor of Cappseals on the latter's reach and apply claim.   Thus, ITV became obligated to pay directly to Cappseals most of what ITV owed to Healthy Solutions in order to satisfy Cappseals' own judgment against Healthy Solutions.

In granting summary judgment, the district judge refused to allow ITV to set off against its debt to Healthy Solutions whatever might be owed to ITV by Healthy Solutions; this left still pending the claim by ITV for Healthy Solutions' alleged breach of the distribution agreement.   The court also accelerated the finality of the July 2005 judgments, certifying them under Fed. R. Civ. P. 54(b).   ITV appealed, and ITV and Healthy Solutions also entered a stipulated dismissal, with prejudice, under Fed. R. Civ. P. 41(a), of their remaining respective claims against each other.

On this appeal, ITV argues that the district court should have allowed the original motion of ITV and Healthy Solutions to dismiss their respective claims against each other. ITV also says that the district court should not have granted summary judgment in Cappseals' favor on the reach and apply claim against ITV.   Finally, ITV contends that the district court further erred in certifying the July 2005 judgments as final under Fed. R. Civ. P. 54(b).

In response, Cappseals defends the district court on the merits and also urges that the case is moot and the appeal should be dismissed; it says that ITV voluntarily released its claims

-7-

against Healthy Solutions, so its alleged right to setoff is lost anyway.  The release does complicate ITV's position, but (as we will see), were ITV right on the merits, the possibility of some relief would exist as to certain aspects of its appeal, so the appeal as a whole is not moot.

ITV's first claim is that the district court erred in refusing to dismiss the case in April 2005 as between ITV and Healthy Solutions based on their first voluntary dismissal under Rule 41(a)(2).  If this were error, the error might undermine the subsequent July 2005 judgment entered by the district court for Healthy Solutions and against ITV, which in turn underpins the reach and apply judgment against ITV.  So the possibility of affording relief to ITV would remain.

However, the district court's refusal to allow the voluntary dismissal was not error.  An answer having been filed and all parties not having consented, Rule 41(a)(1) (which allows voluntary dismissal without approval of the court) did not apply and ITV and Healthy Solutions could only move to dismiss under Rule 41(a)(2), which requires the court's approval.  Ordinarily, a refusal to dismiss in such a case would be reviewed for abuse of discretion.  Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000).

ITV says that the court has to allow a plaintiff to dismiss its claim if it agrees to do so with prejudice, the theory

-8-

being that the plaintiff should not be forced to go on if the adversary is fully protected. <u>Smoot</u> v. <u>Fox</u>, 340 F.2d 301, 302-03 (6th Cir. 1964); <u>Shepard</u> v. <u>Egan</u>, 767 F. Supp. 1158, 1165 (D. Mass. 1990). We might share this view if no other interests were involved, but, as other cases make clear, a third-party intervenor's interests should also be considered.[2]

In this case, Cappseals had already become a party and asserted its own reach and apply claim against ITV, which would clearly have been prejudiced by a dismissal releasing the predicate claim of Healthy Solutions against ITV. Further, the discharge of that claim was specifically forbidden by the injunction that Cappseals had secured against Healthy Solutions in this very action, forbidding it to compromise its claims against ITV without court permission.

To allow the motion would, effectively, have given ITV priority over Cappseals as to one of Healthy Solutions' few assets, namely, Healthy Solutions' claim against ITV for payment for goods sold and delivered. Whatever ITV might have said in favor of such a priority, the district court was not obliged to let ITV obtain it through self-help prior to an adjudication. In denying the motion

---

[2]<u>County of Santa Fe</u> v. <u>Pub. Serv. Co. of N.M.</u>, 311 F.3d 1031, 1049 (10th Cir. 2002); <u>Wheeler</u> v. <u>Am. Home Prods. Corp.</u>, 582 F.2d 891, 896 (5th Cir. 1977); <u>see also</u> 8 <u>Moore's Federal Practice</u> § 41.40[3] (3d ed. 2005).

for a stipulated dismissal of claims between ITV and Healthy Solutions, the district court did not abuse its discretion.

ITV next contests the district court's entry of summary judgment holding it liable to Healthy Solutions and allowing Cappseals to reach and apply that judgment in its own favor. Unsurprisingly, ITV denies that it had any net liability to Healthy Solutions, citing a provision of the Massachusetts Uniform Commercial Code which states that a buyer "may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the <u>same</u> contract." Mass. Gen. Laws ch. 106 § 2-717 (2002) (emphasis added).

Although the parties refer to this as a setoff provision, the statute appears closer to what is often called recoupment. Broadly speaking, recoupment allows the reduction by defendant of an amount otherwise due the plaintiff based on defendant's own claim against plaintiff, whether liquidated or unliquidated, growing out of the same contract; setoff allows the reduction for cross debts due to unrelated transactions, but the debt used as the setoff must be liquidated or easily ascertainable in amount. <u>See</u> <u>Black's Law Dictionary</u> 1302, 1404 (8th ed. 2004).[3]

---

[3]This is perhaps the most common distinction, but the two terms are not always used with precision, practice varies from place to place and time to time, and the doctrines have been much affected by statutes. James & Hazard, <u>Civil Procedure</u> § 9.9 (3d ed. 1985); Loyd, <u>The Development of Set-Off</u>, 64 U. Pa. L. Rev. 541 (1916).

Anyway, in invoking section 2-717, ITV's theory is that its own claims against Healthy Solutions grew out of breaches by the latter of the distribution agreement between the two parties; that the (unliquidated) amount Healthy Solutions owed in damages to ITV was far larger than the unpaid account for goods sold and delivered; and that there was no net amount due in Healthy Solutions' favor for Cappseals to reach and apply to satisfy its own claim against Healthy Solutions. Our review as to the correctness of summary judgment is de novo. Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000).

The difficulty for ITV is that its most pertinent claims against Healthy Solutions arose under the distribution agreement, while Healthy Solutions' claim against ITV arose out of ITV's purchase order for the goods in question. Under governing Massachusetts precedent, the two are not "the same contract" for purposes of section 2-717. Travenol Labs., Inc. v. Zotal, Ltd., 474 N.E.2d 1070 (Mass. 1985), dealing with similar contractual arrangements (distribution contract versus purchase order), so holds. Id. at 1073.

Travenol is controlling law in Massachusetts. See also ECHO, Inc. v. Whitson Co., 52 F.3d 702, 705-08 (7th Cir. 1995). To the extent that dicta in an earlier decision by us looked favorably upon a more liberal approach, Gutor Int'l AG v. Raymond Packer Co., 493 F.2d 938, 943 (1st Cir. 1974), our supposition is superceded by

-11-

<u>Travenol</u>.    Similarly,    it    does    not    matter    whether    other jurisdictions  might  be  more  liberal  in  their  policy  as  to recoupment or setoff.  E.g. <u>RPJ Sportswear, Inc.</u> v. <u>Xylo Tex, Ltd.</u>, 681 F. Supp. 225, 228-29 (S.D.N.Y. 1988).

ITV seeks in a footnote to distinguish <u>Travenol</u> by saying that  it  did  not  involve  purchase  orders  that  were  "expressly incorporated"  into  the  distribution  agreement  or  an  affirmative defense of  fraud in  the  inducement.    But  the  purchase  orders  in this  case  did  not  in  fact  incorporate  language  merging  them  into the  distribution  agreement,  and,  as  for  an  "affirmative  defense  of fraud," that is not a claim for "damages resulting from any breach of the [same] contract" which section 2-717 allows as a deduction.

To  modern  ears,  the  distinctions  between  recoupment, setoff  and  modern  statutory  variations  are  hoary  and  largely arbitrary.    Much  that  underlay  the  distinctions  (such  as  the division between law and equity) is no longer of much concern and does  not  correspond  well  to  the  kind  of  functional  distinctions (<u>e.g.</u>,  the  proper  priority  among  competing  creditors)  that  are  of more  modern  interest.    But  section  2-717  builds  on  the  historical distinctions and we are bound by Massachusetts law.

ITV  also  invokes  a  different  provision  of  the Massachusetts UCC, section 2-721, Mass. Gen. Laws ch. 106 § 2-721, but this is of no help to it.  The provision simply provides that "[r]emedies  for  material  misrepresentation  or  fraud  include  all

-12-

remedies available under this Article for nonfraudulent breach." Id. But the netting-out remedy of section 2-717 is not available for non-fraudulent breach of contract unless the contract is the same--and here it is not.

The most interesting question is presented by ITV's final claim: that the district court erred by entering judgment under Rule 54(b) on Cappseals' reach and apply claim and the underlying predicate claim by Healthy Solutions against ITV. This made the judgment effective, as well as appealable, in advance of the adjudication of ITV's own claims against Healthy Solutions. In practical effect, it gave Cappseals priority over ITV as to a valuable asset of the apparently depleted target company.

Normally, we review decisions to grant or deny 54(b) certifications under an abuse of discretion standard. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980). Curtiss-Wright said that Rule 54(b) could be used even if a transactionally related counterclaim was waiting in the wings and might, if adjudicated simultaneously, offset some or all of the damages awarded on the actual earlier judgment. Id. at 11-13. We have so acknowledged. Pahlavi v. Palandjian, 744 F.2d 902, 904-05 (1st Cir. 1984).

Yet in Curtiss-Wright neither side was insolvent and, as the Supreme Court showed, the equities arguably justified giving Curtiss-Wright immediate judgment against GE and letting GE pursue

-13-

its counterclaim later.    446 U.S. at 11-12.    By contrast, once Cappseals collects from ITV what ITV owes Healthy Solutions, that asset of Healthy Solutions is gone and ITV, even if it established its own claims against Healthy Solutions, would likely be left with no way to collect.

In invoking Rule 54(b), the district court did not address this concern, even though the objection was raised by ITV in its opposition to summary judgment.    An explanation for this deficiency may be that the district court had earlier been told by both Cappseals and ITV that if Cappseals prevailed on its reach and apply claim, ITV and Healthy Solutions would proceed with the earlier thwarted dismissal of their claims against each other.    In fact, this is just what happened.

Although we are not certain that we would uphold the 54(b) certification if it _now_ made any difference, the outcome would be the same whether we affirmed the district court or remanded and set aside the 54(b) certification to await the outcome of ITV's claims against Healthy Solutions.    The reason is obvious: ITV has now surrendered its remaining claims against Healthy Solutions and has nothing with which to counter Cappseals' reach and apply judgment.

ITV was not compelled to dismiss its claims against Healthy Solutions simply because the district court ruled against it on the 54(b) certification.    See Fed. R. Civ. P. 62(h).    It was

-14-

perfectly free to preserve those claims, argue on appeal (as it has) that the 54(b) certification was error, and upon remand pursue its remaining claims against Healthy Solutions.  If it prevailed, ITV could then have argued that its claims should take priority over Cappseals' reach and apply claim.

We have no clear notion as to how such a conflict in priority would be resolved.  On the one hand, there does seem to be an impulse to go beyond strict setoff doctrine in certain instances, see F.D.I.C. v. Mademoiselle of Cal., 379 F.2d 660, 664 (9th Cir. 1967); on the other, there is some indication that courts treat a reach and apply claim, properly filed, as creating an equitable lien, see In re Borofsky, 138 B.R. 345, 347-48 (Bankr. D. Mass. 1992).  No one has briefed the priority issue, and we do not have reason to resolve it.

It is enough that ITV gave up its opportunity to argue for priority by dismissing its claims against Healthy Solutions. No doctrine comes to mind which would allow ITV to undo or escape the consequences of its own dismissal, made with the full knowledge that ITV could instead have pursued its appeal here while preserving its potential claims against Healthy Solutions.  Nor has ITV made any such argument.

Affirmed.