UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPPSEALS, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| DIRECT MARKETING CONCEPTS, INC. et al., | ) C. A. No. 05-CV11907-JLT |
| Defendants. | ) |

## CAPPSEALS, INC.'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

Pursuant to Fed. R. Civ. P. 15, plaintiff Cappseals, Inc. ("Cappseals") respectfully requests leave of Court to amend its Complaint in this action. Cappseals wishes to add a claim that the defendants violated M.G.L c. 93A by intentionally transferring and concealing assets to avoid payment of the judgment held by Cappseals. Cappseals also wished to clarify its allegations regarding DMC's liability for a judgment in a related action. As grounds for this Motion, Cappseals states as follows.

1. Cappseals holds a judgment against defendant ITV Direct, Inc. ("ITV") and Direct Fulfillment, LLC ("Direct Fulfillment") in the amount of $1,041,684.49 ("Judgment") granted by this Court in the matter of *ITV Direct, Inc. v. Healthy Solutions, LLC et al., C.A. No. 0410421-JLT* (the "Related Action").

2. To enforce the Judgment, Cappseals commenced this action against the defendants asserting claims for: (1) Fraudulent Transfer pursuant to M.G.L. c. 109A (Counts I and II); (2) Alter Ego (Count III); (3) Declaratory Relief (Count IV); (4) Constructive Trust (Count V); and (5) Reach and Apply (Count VI). *See* Complaint dated September 20, 2005, ¶¶

26-59 (Dkt. # 1).

3.    As evidenced by the allegations in the Complaint and the summary judgment papers submitted to this Court, Cappseals alleges that the Defendants fraudulently conveyed and transferred assets from ITV and Direct Fulfillment to related entities and persons named as the defendants in this action. *See generally* Complaint; Cappseals' Motion for Partial Summary Judgment (Dkt. # 10); Memorandum of Law Supporting Cappseals' Motion for Partial Summary Judgment (Dkt. # 11); and Concise Statement of Material Facts (Dkt. # 12).

4.    Cappseals now wishes to amend the Complaint as permitted under Fed. R. Civ. P. 15. More specifically, Cappseals respectfully requests leave of Court in order to add a claim that the defendants engaged in unfair and deceptive business practices pursuant to M.G.L c. 93A, by among other things, intentionally concealing and diverting assets from ITV in order to avoid payment of the Judgment.   The facts supporting a fraudulent conveyance claim generally support a claim under M.G.L. c. 93A claim.   *See Can-Four Corp. v. Atlantic Telephone Sys.*, 63 Mass. App. Ct. (2005)(unpublished)("Intentional fraud (including a conveyance 'with actual intent to…defraud [a] creditor,' contrary to G.L. c. 109A…) can constitute the basis of a willful or knowing violation of c. 93A."), quoting *McEvoy v. Travel Bureau, Inc. v. Norton Co.*, 408 Mass. 704, 714 (1990).

5.    Pursuant to Rule 15(a), amendment of pleadings "should be granted unless the court finds an inordinate measure of undue delay, dilatory motive, futility, or undue prejudice." *Martin v. Sands*, 62 F. Supp. 2d 196, 198 (D. Mass. 1999); see also *One Beacon Ins. Co. v. Electrolux*, 223 F.R.D. 21 (D. Mass. 2004)(quoting *Hatch v. Department for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001)("Futility of a proposed amendment is gauged by reference to the liberal criteria" of Rule 12(b)(6)).  A decision on "whether to permit an

amendment lies within the discretion of this Court." *J.S. McCrathy v. Brausse Diecutting & Converting*, 226 F.R.D. 14 (D. Me. 2005)(granting motion for leave to amend complaint).

6.      Cappseals' has not unduly delayed filing this motion, nor is its motive dilatory. The initial Rule 16 conference is not scheduled until tomorrow, discovery has not yet begun and a pre-trial schedule has yet to be set.  Furthermore, amendment of the Complaint is not futile, and the defendants will not suffer undue prejudice.  Accordingly, amendment of the Complaint at this early juncture is proper.

WHEREFORE, Cappseals respectfully requests that the Court grant leave to amend its Complaint in the form attached hereto as Exhibit A.[1]


                                        CAPPSEALS, INC.
                                        By its attorneys,


                                         /s/Scott A. Silverman
                                        Daniel J. Kelly, BBO # 553926
                                        dkelly@ghlaw.com
                                        Scott A. Silverman, BBO # 638087
                                        ssilverman@ghlaw.com
                                        Peter Antonelli, BBO # 661526
                                        pantonelli@ghlaw.com
                                        Gadsby Hannah LLP
                                        225 Franklin Street
                                        Boston, MA  02110
                                        (617) 345-7000

May 1, 2006

---

[1] Attached as Exhibit B is a red-line version highlighting the proposed changes.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on 5/1/06.

By:     <u>/s/ Scott Silverman</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPPSEALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIRECT MARKETING CONCEPTS, INC., | ) |
| ITV DIRECT, INC., DIRECT | ) |
| FULFILLMENT, LLC, DONALD | ) |
| BARRETT, and ROBERT MAIHOS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPPSEALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIRECT MARKETING CONCEPTS, INC., | ) |
| ITV DIRECT, INC., DIRECT | ) |
| FULFILLMENT, LLC, DONALD | ) |
| BARRETT, and ROBERT MAIHOS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## AMENDED COMPLAINT

Plaintiff, Cappseals, Inc. ("Cappseals"), a judgment creditor in the amount of $1,041,684.49 has initiated this action to recover its judgment from an entity, Direct Marketing Concepts, Inc. ("DMC"), and persons who have benefited from fraudulent conveyances that have diverted assets away from the judgment debtors, ITV Direct, Inc. and Direct Fulfillment, LLC (collectively referred to herein as the "Judgment Debtors"). Cappseals also seeks to have the Court declare that DMC should be responsible for the judgment debt because it has operated as the alter ego of the Judgment Debtors.

### I.      PARTIES AND JURISDICTION

1.      Cappseals is and was at all relevant times a Washington corporation with its principal place of business in Vancouver, Washington.

2.      Defendant DMC is and was at all times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. On information and belief, DMC shares the same officers, directors and shareholders as ITV Direct.

3.     Defendant DMC is and was at all times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.  On information and belief, DMC shares the same officers, directors and shareholders as ITV Direct.

4.     Defendant ITV Direct, Inc. ("ITV Direct") is and was at all relevant times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.

5.     Defendant Direct Fulfillment, LLC ("Direct Fulfillment") is and was at all relevant times a Massachusetts limited liability company with its principal place of business in Beverly, Massachusetts.  On information and belief, Direct Fulfillment is related to ITV Direct and serves as a warehousing facility for ITV Direct.

6.     Defendant Donald Barrett is a resident of Massachusetts and is the President and a Director of both ITV Direct and DMC.  Mr. Barrett also owns 50% of both companies.

7.     Defendant Robert Maihos is a resident of Massachusetts and is the Treasurer, Secretary and a Director of both ITV Direct and DMC.  Mr. Maihos also owns the remaining 50% of both companies.

8.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 because there is diversity among the parties and the amount in controversy exceeds $75,000.

9.     Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) (1-3) because defendants ITV Direct, Direct Fulfillment and DMC are Massachusetts corporations and have as their principal place of business Massachusetts and Massachusetts is where a substantial part of the events giving rise to claim occurred.

## II.     ADDITIONAL FACTS

### The ITV Parties' Debt For Shipments Received.

10.     In early April 2003, ITV Direct entered into a distribution agreement (the "Distribution Agreement") with Healthy Solutions, LLC., d/b/a Direct Business Concepts ("DBC") by which ITV Direct was to produce an infomercial for the purpose of marketing a health supplement developed by Healthy Solutions called Supreme Greens (the "Product").

11.     DBC sold ITV Direct 303,643, bottles of the Product all of which were manufactured and shipped by Cappseals.

12.     The 303,643 bottles were made up of six separate shipments placed in response to a "standing" purchase order ("Purchase Order 1101") that was issued to DBC on November 21, 2003 requesting shipments of 50,000 bottles of the Product per week.

13.     Direct Fulfillment received the shipments of the Product pursuant to Purchase Order 1101.  ITV Direct and/or Direct Fulfillment were invoiced $1,821,864.00 – $890,000 (approx.) of which was owed to Cappseals for the six shipments.

14.     The Product was thereafter re-sold at a significant profit.

15.     After ITV Direct refused to pay the balance owed to DBC for the Product, a lawsuit was initiated wherein the parties litigated the debt owed for the Product.  This action, which is still pending in this Court, is entitled *ITV Direct, Inc. v. Healthy Solutions, L.L.C.*, Civil Action No.04-10421-JLT (the "Payment Proceeding").

16.     Cappseals initially intervened in the Payment Proceeding on April 14, 2004, initiating claims against ITV, Direct Fulfillment and Healthy Solutions based upon their failure

to pay Cappseals  for its part in the manufacture and delivery of the Product.

**Cappseals' Judgment Against the ITV Parties.**

17.    On July 20, 2005 this Court granted Cappseals summary judgment motion and determined – as a matter of law – that ITV Direct and Direct Fulfillment were indebted to Cappseals for the six shipments of the Product manufactured by Cappseals.  The Court endorsed a judgment in favor of Cappseals (the "Judgment") having determined that "there is no just reason to further delay payment for goods delivered, accepted and re-sold."

**The ITV Parties Have Co-Mingled Assets with Related Parties and Persons.**

18.    ITV Direct and Direct Fulfillment have conducted their distribution operations in conjunction with a third related corporate entity, DMC.  DMC is a company wholly owned by the principals of ITV Direct, Donald Barrett and Robert Maihos.  Additionally, Mr. Barrett and Mr. Maihos hold identical management roles at each company.

19.    While Cappseals was directed to ship the Product to Direct Fulfillment pursuant to Purchase Order 1101, at some point in time, "ownership" of the of the Product inventory was transferred to DMC.

20.    ITV Direct and Direct Fulfillment received less than reasonably equivalent value for the transfer of the Product inventory to DMC.

21.    ITV Direct and Direct Fulfillment by and through its principals, Mr. Barrett and Mr. Maihos, made the transfer with the actual intent to hinder, delay or defraud the creditors of ITV Direct and Direct Fulfillment.

22.    At the time of the transfers, ITV Direct and Direct Fulfillment by and through its

principals, Mr. Barrett and Mr. Maihos, intended ITV Direct and Direct Fulfillment to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

23.    Subsequent to the transfers DMC used its inventory of the Product to generate revenues exceeding $16 million resulting in an accumulation of millions of dollars in assets.

24.    At the same time, any liquid assets ITV Direct generated for its part in the companies' business were transferred to DMC, Mr. Barret and Mr. Maihos, leaving ITV Direct a shell entity with a negative balance sheet and insufficient monies to satisfy the Judgment.

25.    Despite their corporate forms and feigned attempts at intra-company transfers, ITV Direct, DMC and Direct Fulfillment have been operated as one single entity.

### III.    CLAIMS FOR RELIEF

### COUNT I

**(Fraudulent Transfer, M.G.L. c. 109A, §5: Defendants ITV Direct, Direct Fulfillment, DMC, Donald Barrett and Robert Maihos)**

26.    Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

27.    ITV Direct and Direct Fulfillment by and through its principals, Donald Barrett and Robert Maihos, made the transfer of the Product inventory or other assets of ITV Direct and Direct Fulfillment with the actual intent to hinder, delay or defraud the creditors of ITV Direct and Direct Fulfillment or without receiving a reasonably equivalent value in exchange for such transfers.

28.    ITV Direct and Direct Fulfillment by and through its principals, Mr. Barrett and Mr. Maihos, intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

29.    Cappseals may avoid the purported transfers to the extent necessary to satisfy its claims under M.G.L. c. 109A, §8.

30.    Cappseals may recover the value of ITV Direct and Direct Fulfillment's right, title and interest in the Product inventory and/or other assets fraudulently transferred to DMC, Donald Barrett or Robert Maihos to the extent necessary to satisfy its Judgment under M.G.L. c. 109A, §8.

## COUNT II

**(Fraudulent Transfer, M.G.L. c. 109A, § 6:  Defendants ITV Direct, Direct Fulfillment, DMC, Donald Barrett and Robert Maihos)**

31.    Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

32.    ITV Direct and Direct Fulfillment by and through its principals, Donald Barrett and Robert Maihos, made the transfer of the Product inventory or other assets of ITV Direct or Direct Fulfillment without receiving a reasonably equivalent value for such transfers.

33.    ITV Direct and Direct Fulfillment were insolvent at the time of the purported transfers or became insolvent as a result of the purported transfers.

34.    At the time of the transfers, the claims of DBC, Cappseals and/or other creditors of ITV Direct and Direct Fulfillment had arisen and remained unpaid.

35.     Cappseals may avoid the purported transfers to the extent necessary to satisfy its claims under M.G.L. c. 109A, §8.

36.     Cappseals may recover the value of ITV Direct and Direct Fulfillment's right, title and interest in the Product inventory or other assets fraudulently transferred to DMC, Donald Barrett or Robert Maihos to the extent necessary to satisfy its Judgment under M.G.L. c. 109A, §8.

## COUNT III

### (Alter Ego)

37.     Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

38.     ITV Direct, Direct Fulfillment and DMC share the same directors and officers.

39.     ITV Direct, Direct Fulfillment and DMC are all wholly owned, controlled and directed by Donald Barrett and Robert Maihos

40.     ITV Direct, Direct Fulfillment and DMC do not operate as independent entities.

41.     Upon information and belief, ITV Direct and Direct Fulfillment were intentionally created and have been operated as corporations with insufficient monies to satisfy any judgment against them and to create a layer between DMC, Donald Barrett, Robert Maihos and their respective creditors.

42.     ITV Direct, Direct Fulfillment and DMC are alter egos and are not separate entities.

43.     DMC is, therefore, bound by any obligation incurred by ITV Direct or Direct Fulfillment.

44.     Honoring the corporate separateness of ITV Direct, Direct Fulfillment and DMC will promote fraud, create injustice and inflict gross inequity by shielding the corporate defendants from liability for the Judgment and other amounts that may be due to Cappseals.

<u>**COUNT IV**</u>

**(Declaratory Judgment Pursuant to 28 U.S.C. § 2201)**

45.     Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

46.     The allegations recited above constitute an actual controversy within this Court's jurisdiction.

47.     Cappseals is an interested party to this controversy.

48.     Cappseals requests that the Court declare that DMC is a co-obligor of the contract created by Purchase Order 1101, and accordingly, is responsible for the debt memorialized by the Judgment.

49.     Cappseals requests that the Court declare that ITV Direct and Direct Fulfillment fraudulently transferred assets to DMC and its principals, Donald Barrett and Robert Maihos with the intent to hinder, delay or defraud Cappseals and other creditors of ITV Direct and Direct Fulfillment.

50.     Cappseals requests that the Court declare that the fraudulent transfers of assets from ITV Direct and Direct Fulfillment to DMC, Donald Barrett and Robert Maihos are void.

51.    Cappseals requests that the Court declare that DMC is obligated to pay any debts, obligations and/or judgments that have been or will be issued against ITV Direct and Direct Fulfillment and in favor of Cappseals as a result of their failure to operate ITV Direct, Direct Fulfillment and DMC as separate corporate entities.

## COUNT V

**(Constructive Trust Upon Assets of DMC, Donald Barrett and Robert Maihos)**

52.    Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

53.    DMC, Donald Barrett and Robert Maihos have been unjustly enriched by obtaining the right, title and interest in the assets of ITV Direct and Direct Fulfillment without paying fair value for such assets.

54.    A constructive trust should be imposed over any and all of DMC, Donald Barrett and Robert Maihos' goods, receivables, or proceeds arising out of the transfers made to them by ITV Direct and Direct Fulfillment.

55.    This constructive trust is held by DMC, Donald Barrett and Robert Maihos for the benefit of ITV Direct, Direct Fulfillment and their creditors.

## COUNT VI

**(Reach and Apply)**

56.    Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

57.    By virtue of their positions as officers and directors, Donald Barrett and Robert

Maihos owed fiduciary duties to ITV Direct, Direct Fulfillment the Debtor and their creditors, including the duty to use due care, diligence and skill in managing the affairs of ITV Direct and Direct Fulfillment.

58.     By virtue of their positions as directors or officers, Donald Barrett and Robert Maihos owed fiduciary duties to ITV Direct and Direct Fulfillment, including the duty of loyalty not to waste, divert and/or convert corporate assets to their own use and benefit.

59.     As heretofore alleged, Donald Barrett and Robert Maihos breached their fiduciary duties to ITV Direct, Direct Fulfillment and their creditors.

60.     As a direct and proximate result of the breaches of fiduciary duties, ITV Direct, Direct Fulfillment and their creditors have suffered substantial economic damage.

## COUNT VII

### (Violation of G.L. c. 93A)

61.     Cappseals hereby incorporates by reference all of the allegations above as if fully set forth herein.

62.     At all times relevant hereto, the parties were engaged in the conduct of trade or commerce within the meaning of G.L. c.93A §11.

63.     ITV Direct and Direct Fulfillment by and through its principals, Donald Barrett and Robert Maihos, made the transfer of the Product inventory or other assets of ITV Direct and Direct Fulfillment with the actual intent to hinder, delay or defraud the creditors of ITV Direct and Direct Fulfillment or without receiving a reasonably equivalent value in exchange for such transfers.

64.    ITV Direct and Direct Fulfillment by and through its principals, Mr. Barrett and Mr. Maihos, intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

65.    ITV Direct and Direct Fulfillment were insolvent at the time of the purported transfers or became insolvent as a result of the purported transfers.

66.    At the time of the transfers, the claims of DBC, Cappseals and/or other creditors of ITV Direct and Direct Fulfillment had arisen and remained unpaid.

67.    The acts and practices of the Defendants as described herein constitute unfair and deceptive trade practices in violation of   G. L. c. 93A.

68.    The actions of the Defendants described above were performed willfully and knowingly.

69.    As a result of Defendants' unfair and deceptive trade practices, Cappseals has suffered and continues to suffer substantial injuries and incur actual losses.

WHEREFORE, in addition to the relief requested in the Complaint, Cappseals prays for relief against the defendants as follows:

(1)    A declaration that DMC is a co-obligor of the contract created by Purchase Order 1101, and accordingly, is responsible for the debt memorialized by the Judgment;

(2)    A declaration that ITV Direct and Direct Fulfillment fraudulently transferred assets to DMC and its principals, Donald Barrett and Robert Maihos with the intent to hinder, delay or defraud Cappseals and other creditors of ITV Direct and Direct Fulfillment;

(3)    A Declaration that the fraudulent transfers of assets from ITV Direct and Direct Fulfillment to DMC, Donald Barrett and Robert Maihos are void;

(4)    An Order requiring DMC, Donald Barrett and Robert Maihos to transfer to ITV

Direct all assets obtained through such fraudulent transfers to the extent necessary to satisfy the Judgment;

(5)     A declaration that ITV Direct, Direct Fulfillment and DMC are alter egos and are not separate entities;

(6)     A declaration that DMC is obligated to pay any debts, obligations and/or judgments that have been or will be issued against ITV Direct and Direct Fulfillment and in favor of Cappseals;

(7)     Judgment against DMC, Donald Barrett and Robert Maihos in the principal sum of $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein;

(8)     Judgment against Donald Barrett and Robert Maihos and in favor of ITV Direct, Direct Fulfillment and DMC in an amount to be determined at trial for the damages caused by said individuals misconduct, breach of their fiduciary duties to said companies in mismanaging their affairs, and, the excessive compensation they received from said companies;

(9)     The imposition of a constructive trust over any and all of DMC's goods, receivables, or proceeds arising out of the sale of the Product, and that this constructive trust is held by for the benefit of Cappseals;

(10)    A finding for Cappseals on all Counts stated herein and within the Complaint;

(11)    A finding against the defendants-in-counterclaim;

(12)    Award Cappseals, Inc. treble damages, attorney fees and costs and such other relief appropriate and provided for under M.G.L. c. §93A; and

(13)    Award of such other and further relief as the Court deems equitable and just.

Cappseals, Inc.
By its attorneys,


 /s/ Scott A. Silverman
Daniel J. Kelly, BBO # 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO # 638087
ssilverman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

May 1, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPPSEALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIRECT MARKETING CONCEPTS, INC., | ) |
| ITV DIRECT, INC., DIRECT | ) |
| FULFILLMENT, LLC, DONALD | ) |
| BARRETT, and ROBERT MAIHOS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
CAPPSEALS, INC.,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
DIRECT MARKETING CONCEPTS, INC.,    )
ITV DIRECT, INC., DIRECT            )
FULFILLMENT, LLC, DONALD            )
BARRETT, and ROBERT MAIHOS,         )
                                    )
            Defendants.             )
                                    )
                                    )
_____    )
```

### AMENDED COMPLAINT

Plaintiff, Cappseals, Inc. ("Cappseals"), a judgment creditor in the amount of $1,041,684.49 has initiated this action to recover its judgment from an entity, Direct Marketing Concepts, Inc. ("DMC"), and persons who have benefited from fraudulent conveyances that have diverted assets away from the judgment debtors, ITV Direct, Inc. and Direct Fulfillment, LLC (collectively referred to herein as the "Judgment Debtors"). Cappseals also seeks to have the Court declare that DMC should be responsible for the judgment debt because it has operated as the alter ego of the Judgment Debtors.

### I.    PARTIES AND JURISDICTION

1.    Cappseals is and was at all relevant times a Washington corporation with its principal place of business in Vancouver, Washington.

2.    Defendant DMC is and was at all times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. On information and belief, DMC shares the same officers, directors and shareholders as ITV Direct.

3.      Defendant DMC is and was at all times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.  On information and belief, DMC shares the same officers, directors and shareholders as ITV Direct.

4.      Defendant ITV Direct, Inc. ("ITV Direct") is and was at all relevant times a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.

5.      Defendant Direct Fulfillment, LLC ("Direct Fulfillment") is and was at all relevant times a Massachusetts limited liability company with its principal place of business in Beverly, Massachusetts.  On information and belief, Direct Fulfillment is related to ITV Direct and serves as a warehousing facility for ITV Direct.

6.      Defendant Donald Barrett is a resident of Massachusetts and is the President and a Director of both ITV Direct and DMC.  Mr. Barrett also owns 50% of both companies.

7.      Defendant Robert Maihos is a resident of Massachusetts and is the Treasurer, Secretary and a Director of both ITV Direct and DMC.  Mr. Maihos also owns the remaining 50% of both companies.

8.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 because there is diversity among the parties and the amount in controversy exceeds $75,000.

9.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) (1-3) because defendants ITV Direct, Direct Fulfillment and DMC are Massachusetts corporations and have as their principal place of business Massachusetts and Massachusetts is where a substantial part of the events giving rise to claim occurred.

## II.    ADDITIONAL FACTS

### The ITV Parties' Debt For Shipments Received.

10.    In early April 2003, ITV Direct entered into a distribution agreement (the "Distribution Agreement") with Healthy Solutions, LLC., d/b/a Direct Business Concepts ("DBC") by which ITV Direct was to produce an infomercial for the purpose of marketing a health supplement developed by Healthy Solutions called Supreme Greens (the "Product").

11.    DBC sold ITV Direct 303,643, bottles of the Product all of which were manufactured and shipped by Cappseals.

12.    The 303,643 bottles were made up of six separate shipments placed in response to a "standing" purchase order ("Purchase Order 1101") that was issued to DBC on November 21, 2003 requesting shipments of 50,000 bottles of the Product per week.

13.    Direct Fulfillment received the shipments of the Product pursuant to Purchase Order 1101.  ITV Direct and/or Direct Fulfillment were invoiced $1,821,864.00 – $890,000 (approx.) of which was owed to Cappseals for the six shipments.

14.    The Product was thereafter re-sold at a significant profit.

15.    After ITV Direct refused to pay the balance owed to DBC for the Product, a lawsuit was initiated wherein the parties litigated the debt owed for the Product.  This action, which is still pending in this Court, is entitled *ITV Direct, Inc. v. Healthy Solutions, L.L.C.*, Civil Action No.04-10421-JLT (the "Payment Proceeding").

16.    Cappseals initially intervened in the Payment Proceeding on April 14, 2004, initiating claims against ITV, Direct Fulfillment and Healthy Solutions based upon their failure

to pay Cappseals  for its part in the manufacture and delivery of the Product.

**Cappseals' Judgment Against the ITV Parties.**

17.     On July 20, 2005 this Court granted Cappseals summary judgment motion and determined – as a matter of law – that ITV Direct and Direct Fulfillment were indebted to Cappseals for the six shipments of the Product manufactured by Cappseals.  The Court endorsed a judgment in favor of Cappseals (the "Judgment") having determined that "there is no just reason to further delay payment for goods delivered, accepted and re-sold."

**The ITV Parties Have Co-Mingled Assets with Related Parties and Persons.**

18.     ITV Direct and Direct Fulfillment have conducted their distribution operations in conjunction with a third related corporate entity, DMC.  DMC is a company wholly owned by the principals of ITV Direct, Donald Barrett and Robert Maihos.  Additionally, Mr. Barrett and Mr. Maihos hold identical management roles at each company.

19.     While Cappseals was directed to ship the Product to Direct Fulfillment pursuant to Purchase Order 1101, at some point in time, "ownership" of the of the Product inventory was transferred to DMC.

20.     ITV Direct and Direct Fulfillment received less than reasonably equivalent value for the transfer of the Product inventory to DMC.

21.     ITV Direct and Direct Fulfillment by and through its principals, Mr. Barrett and Mr. Maihos, made the transfer with the actual intent to hinder, delay or defraud the creditors of ITV Direct and Direct Fulfillment.

22.     At the time of the transfers, ITV Direct and Direct Fulfillment by and through its

principals, Mr. Barrett and Mr. Maihos, intended ITV Direct and Direct Fulfillment to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

26.    Subsequent to the transfers DMC used its inventory of the Product to generate revenues exceeding $16 million resulting in an accumulation of millions of dollars in assets.

24.    At the same time, any liquid assets ITV Direct generated for its part in the companies' business were transferred to DMC, Mr. Barret and Mr. Maihos, leaving ITV Direct a shell entity with a negative balance sheet and insufficient monies to satisfy the Judgment.

25.    Despite their corporate forms and feigned attempts at intra-company transfers, ITV Direct, DMC and Direct Fulfillment have been operated as one single entity.

### III.    CLAIMS FOR RELIEF

### COUNT I

**(Fraudulent Transfer, M.G.L. c. 109A, §5: Defendants ITV Direct, Direct Fulfillment, DMC, Donald Barrett and Robert Maihos)**

26.    Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

27.    ITV Direct and Direct Fulfillment by and through its principals, Donald Barrett and Robert Maihos, made the transfer of the Product inventory or other assets of ITV Direct and Direct Fulfillment with the actual intent to hinder, delay or defraud the creditors of ITV Direct and Direct Fulfillment or without receiving a reasonably equivalent value in exchange for such transfers.

28.    ITV Direct and Direct Fulfillment by and through its principals, Mr. Barrett and Mr. Maihos, intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

29.    Cappseals may avoid the purported transfers to the extent necessary to satisfy its claims under M.G.L. c. 109A, §8.

30.    Cappseals may recover the value of ITV Direct and Direct Fulfillment's right, title and interest in the Product inventory and/or other assets fraudulently transferred to DMC, Donald Barrett or Robert Maihos to the extent necessary to satisfy its Judgment under M.G.L. c. 109A, §8.

## COUNT II

**(Fraudulent Transfer, M.G.L. c. 109A, § 6:  Defendants ITV Direct, Direct Fulfillment, DMC, Donald Barrett and Robert Maihos)**

31.    Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

32.    ITV Direct and Direct Fulfillment by and through its principals, Donald Barrett and Robert Maihos, made the transfer of the Product inventory or other assets of ITV Direct or Direct Fulfillment without receiving a reasonably equivalent value for such transfers.

33.    ITV Direct and Direct Fulfillment were insolvent at the time of the purported transfers or became insolvent as a result of the purported transfers.

34.    At the time of the transfers, the claims of DBC, Cappseals and/or other creditors of ITV Direct and Direct Fulfillment had arisen and remained unpaid.

35.     Cappseals may avoid the purported transfers to the extent necessary to satisfy its claims under M.G.L. c. 109A, §8.

36.     Cappseals may recover the value of ITV Direct and Direct Fulfillment's right, title and interest in the Product inventory or other assets fraudulently transferred to DMC, Donald Barrett or Robert Maihos to the extent necessary to satisfy its Judgment under M.G.L. c. 109A, §8.

## COUNT III

### (Alter Ego)

37.     Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

38.     ITV Direct, Direct Fulfillment and DMC share the same directors and officers.

39.     ITV Direct, Direct Fulfillment and DMC are all wholly owned, controlled and directed by Donald Barrett and Robert Maihos

40.     ITV Direct, Direct Fulfillment and DMC do not operate as independent entities.

41.     Upon information and belief, ITV Direct and Direct Fulfillment were intentionally created and have been operated as corporations with insufficient monies to satisfy any judgment against them and to create a layer between DMC, Donald Barrett, Robert Maihos and their respective creditors.

42.     ITV Direct, Direct Fulfillment and DMC are alter egos and are not separate entities.

43.    DMC is, therefore, bound by any obligation incurred by ITV Direct or Direct Fulfillment.

44.    Honoring the corporate separateness of ITV Direct, Direct Fulfillment and DMC will promote fraud, create injustice and inflict gross inequity by shielding the corporate defendants from liability for the Judgment and other amounts that may be due to Cappseals.

## COUNT IV

### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

45.    Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

46.    The allegations recited above constitute an actual controversy within this Court's jurisdiction.

47.    Cappseals is an interested party to this controversy.

48.    Cappseals requests that the Court declare that DMC is a co-obligor of the contract created by Purchase Order 1101, and accordingly, is responsible for the debt memorialized by the Judgment.

49.    Cappseals requests that the Court declare that ITV Direct and Direct Fulfillment fraudulently transferred assets to DMC and its principals, Donald Barrett and Robert Maihos with the intent to hinder, delay or defraud Cappseals and other creditors of ITV Direct and Direct Fulfillment.

50.    Cappseals requests that the Court declare that the fraudulent transfers of assets from ITV Direct and Direct Fulfillment to DMC, Donald Barrett and Robert Maihos are void.

51.     Cappseals requests that the Court declare that DMC is obligated to pay any debts, obligations and/or judgments that have been or will be issued against ITV Direct and Direct Fulfillment and in favor of Cappseals as a result of their failure to operate ITV Direct, Direct Fulfillment and DMC as separate corporate entities.

## COUNT V

### (Constructive Trust Upon Assets of DMC, Donald Barrett and Robert Maihos)

52.     Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

53.     DMC, Donald Barrett and Robert Maihos have been unjustly enriched by obtaining the right, title and interest in the assets of ITV Direct and Direct Fulfillment without paying fair value for such assets.

54.     A constructive trust should be imposed over any and all of DMC, Donald Barrett and Robert Maihos' goods, receivables, or proceeds arising out of the transfers made to them by ITV Direct and Direct Fulfillment.

55.     This constructive trust is held by DMC, Donald Barrett and Robert Maihos for the benefit of ITV Direct, Direct Fulfillment and their creditors.

## COUNT VI

### (Reach and Apply)

56.     Cappseals hereby incorporates by reference all of allegations above as if fully set forth herein.

57.     By virtue of their positions as officers and directors, Donald Barrett and Robert

Maihos owed fiduciary duties to ITV Direct, Direct Fulfillment the Debtor and their creditors, including the duty to use due care, diligence and skill in managing the affairs of ITV Direct and Direct Fulfillment.

58.    By virtue of their positions as directors or officers, Donald Barrett and Robert Maihos owed fiduciary duties to ITV Direct and Direct Fulfillment, including the duty of loyalty not to waste, divert and/or convert corporate assets to their own use and benefit.

59.    As heretofore alleged, Donald Barrett and Robert Maihos breached their fiduciary duties to ITV Direct, Direct Fulfillment and their creditors.

60.    As a direct and proximate result of the breaches of fiduciary duties, ITV Direct, Direct Fulfillment and their creditors have suffered substantial economic damage.

## COUNT VII

### (Violation of G.L. c. 93A)

61.    Cappseals hereby incorporates by reference all of the allegations above as if fully set forth herein.

62.    At all times relevant hereto, the parties were engaged in the conduct of trade or commerce within the meaning of G.L. c.93A §11.

63.    ITV Direct and Direct Fulfillment by and through its principals, Donald Barrett and Robert Maihos, made the transfer of the Product inventory or other assets of ITV Direct and Direct Fulfillment with the actual intent to hinder, delay or defraud the creditors of ITV Direct and Direct Fulfillment or without receiving a reasonably equivalent value in exchange for such transfers.

-10-

64.    ITV Direct and Direct Fulfillment by and through its principals, Mr. Barrett and Mr. Maihos, intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

65.    ITV Direct and Direct Fulfillment were insolvent at the time of the purported transfers or became insolvent as a result of the purported transfers.

66.    At the time of the transfers, the claims of DBC, Cappseals and/or other creditors of ITV Direct and Direct Fulfillment had arisen and remained unpaid.

67.    The acts and practices of the Defendants as described herein constitute unfair and deceptive trade practices in violation of   G. L. c. 93A.

68.    The actions of the Defendants described above were performed willfully and knowingly.

69.    As a result of Defendants' unfair and deceptive trade practices, Cappseals has suffered and continues to suffer substantial injuries and incur actual losses.

WHEREFORE, in addition to the relief requested in the Complaint, Cappseals prays for relief against the defendants as follows:

(1)    A declaration that DMC is a co-obligor of the contract created by Purchase Order 1101, and accordingly, is responsible for the debt memorialized by the Judgment;

(2)    A declaration that ITV Direct and Direct Fulfillment fraudulently transferred assets to DMC and its principals, Donald Barrett and Robert Maihos with the intent to hinder, delay or defraud Cappseals and other creditors of ITV Direct and Direct Fulfillment;

(3)    A Declaration that the fraudulent transfers of assets from ITV Direct and Direct Fulfillment to DMC, Donald Barrett and Robert Maihos are void;

(4)    An Order requiring DMC, Donald Barrett and Robert Maihos to transfer to ITV

Direct all assets obtained through such fraudulent transfers to the extent necessary to satisfy the Judgment;

(5)    A declaration that ITV Direct, Direct Fulfillment and DMC are alter egos and are not separate entities;

(6)    A declaration that DMC is obligated to pay any debts, obligations and/or judgments that have been or will be issued against ITV Direct and Direct Fulfillment and in favor of Cappseals;

(7)    Judgment against DMC, Donald Barrett and Robert Maihos in the principal sum of $890,182.09, together with interest thereon at the statutory rate, and continuing to accrue thereafter until paid in full, plus Cappseals' costs and disbursements incurred herein;

(8)    Judgment against Donald Barrett and Robert Maihos and in favor of ITV Direct, Direct Fulfillment and DMC in an amount to be determined at trial for the damages caused by said individuals misconduct, breach of their fiduciary duties to said companies in mismanaging their affairs, and, the excessive compensation they received from said companies;

(9)    The imposition of a constructive trust over any and all of DMC's goods, receivables, or proceeds arising out of the sale of the Product, and that this constructive trust is held by for the benefit of Cappseals;

(10)   A finding for Cappseals on all Counts stated herein and within the Complaint;

(11)   A finding against the defendants-in-counterclaim;

(12)   Award Cappseals, Inc. treble damages, attorney fees and costs and such other relief appropriate and provided for under M.G.L. c. §93A; and

(13)   Award of such other and further relief as the Court deems equitable and just.

Cappseals, Inc.
By its attorneys,


 /s/ Scott A. Silverman
Daniel J. Kelly, BBO # 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO # 638087
ssilverman@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

May 1, 2006