UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAPPSEALS, INC., | ) | |
|        Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-CV-11907-JLT |
| DIRECT MARKETING CONCEPTS, INC., et al., | ) ) ) | |
|        Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO CAPPSEALS, INC.'S
MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Defendants Direct Marketing Concepts, Inc. ("DMC"), ITV Direct, Inc. ("ITV"), Direct Fulfillment, LLC ("Direct Fulfillment"), Donald Barrett ("Barrett") and Robert Maihos ("Maihos") (collectively, the "Defendants"), hereby oppose the plaintiff Cappseals, Inc.'s ("Cappseals") motion for leave to amend its complaint.  As set forth below, the amendment proposed by Cappseals is futile, as it does not state a claim for violation of 93A against the Defendants, and its motion must be denied.

**I.     Legal Argument**

The rules provide that leave to amend "shall be freely given when justice so requires". Mass. R. Civ. P. 15(a).  Leave to amend a pleading, however, is a matter that falls within the sound discretion of the trial court and can be denied for, among other things, futility of amendment.  Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 35 Mass. App. Ct. 734, 741 (1994) (citing Castellucci v. U.S. Fidelity & Guar. Co., 372 Mass. 288, 289-90 (1971)).  As discussed below, the proposed amendment fails to state a claim upon which relief can be granted.

The proposed amendment, therefore, would be futile and Cappseals' motion to amend should be denied.

Cappseals seeks to amend its complaint to add a claim against all of the Defendants for violation of M.G.L. c. 93A, § 11.  According to the proposed amendment, Cappseals alleges that the Defendants violated c. 93A, § 11 by making "the transfer of the Product inventory or other assets of ITV Direct and Direct Fulfillment with the actual intent to hinder, delay or defraud the creditors" of these entities, including Cappseals.  (See Proposed Amended Complaint, Count VII).  Such a claim does not meet the requirements of G.L. c. 93A, § 11.

The unfair or deceptive acts or practices declared unlawful by G.L. c. 93A are those which occur *in the conduct of any trade or commerce.*  G.L. c. 93A, § 2(a).  It is clear from the cases, however, that merely determining whether the plaintiff and defendant are separately engaged in trade or commerce is insufficient for Chapter 93A liability.  Massachusetts courts have construed this phrase to apply only to those acts or practices which are perpetrated in a *business context*, finding that there must be some *transactional relationship* between the parties at issue in order to sustain a claim under Chapter 93A, § 11.  See Szalla v. Locke, 421 Mass. 448 (1995) (In order to come within Chapter 93A, there needs to be a commercial transaction between the plaintiff and defendant and that they must be acting in a "business context".); Manning v. Zuckerman, 388 Mass. 8, 10, 12-13 (1983) (SJC construed trade or commerce under c. 93A as requiring dealings *between* discrete, independent business entities, finding that it does not apply "to every commercial transaction."); Nei v. Boston Survey Consultants, Inc., 388 Mass. 320, 324 (1983)(finding that land surveyor hired by seller was not liable to buyer under c. 93A where there was no business relationship between buyer and defendants); Commonwealth v. Homart Development Co., 1997 WL 124103 (Mass. Super., February 26, 1997).  Moreover,

2

federal courts considering Chapter 93A liability in the context of environmental contamination of property have also concluded that there must be some transactional relationship between the plaintiff and defendant in order to state a claim under c. 93A for unfair or deceptive practices. See John Boyd Co. v. Boston Gas Co., 775 F.Supp. 435, 440 (D. Mass. 1991)(plaintiff failed to state a claim under c. 93A where there was no direct business relationship between the parties as "some business context between the parties is an essential element of liability under the statute."); Cash Energy, Inc. c. Weiner, 763 F.Supp. 892, 893-94 (D. Mass. 1991)(court dismissed plaintiff's claim under c. 93A, noting that statute was enacted to protect consumers and business entities against unfair acts and practices in transactions between them). Accordingly, c. 93A requires that there be a commercial transaction between a person engaged in trade or commerce with another person engaged in trade or commerce.  Szalla, 421 Mass. at 451. The determination of whether a particular transaction occurs in a business context within the purview of c. 93A, § 2 is determined by an analysis of the facts of each case.

     Here, Cappseals has not alleged -- because it cannot – that there is any business transaction between the parties at issue in this case.  Moreover, Cappseals never alleged any business transactions between these parties in the prior action in which they were awarded judgment against Healthy Solutions, LLC ("Healthy Solutions") and against ITV and Direct Fulfillment on a claim to reach and apply.  Rather, Cappseals now alleges certain fraudulent conduct on the part of the Defendants that occurred after a judgment had entered against ITV and Direct Fulfillment and after any business transaction and business relationship between Cappseals and Healthy Solutions, LLC had long concluded.  Such allegations are insufficient to state a claim under Chapter 93A, § 11.

3

Similarly, in F.C. Const. Corp. v. J.A. Cataldo Corp., 2000 Mass. App. Div. 295, 2000 WL 1616463 (2000), the plaintiff corporation sued the defendant corporation under c. 93A, § 11 for acting unfairly or deceptively in entering into an agreement for judgment in a prior action brought by the plaintiff to collect on an overdue account, and in agreeing to pay the judgment with the knowledge that the defendant corporation had divested itself of assets and lacked the ability to pay the judgment in the manner promised. The court found that the transaction in which the two corporations entered into an agreement for judgment, which was to settle the prior court action by the plaintiff, did not occur in the business context and was not within the purview of c. 93A. According to the court, the business relations between the two corporations had terminated prior to executing the agreement for judgment in the prior action to collect an overdue account. It was not part of the course of business between the parties, but "it was implicitly a declaration that business relations between the parties were at an end." Id. at *3. The parties arrived at the agreement for judgment "in the exercise of their legal remedies in a judicial proceeding and not 'doing business' as that phrases is commonly understood." Id.[1]

Based on the allegations of Cappseals' proposed amended complaint, there is no business transaction between Cappseals and the Defendants that is at issue. Simply alleging that the parties are independently engaged in trade or commerce is not enough to state a claim under G.L. c. 93A. Szalla, 421 Mass. at 451. The business transaction on which it was awarded judgment was between Cappseals and Healthy Solutions and on a claim to reach and apply against ITV and Direct Fulfillment, and any business relationship that existed between these parties was terminated by that prior action. Consequently, Cappseals fails to state a claim under G.L. c. 93A,

---

[1] Further, the court found that if the agreement for judgment was tainted by fraud or other improper conduct by the defendant, the remedy would be a motion for relief from the judgment or possibly an independent action to set aside the judgment in that court, not a cause of action under c. 93A. Id. at **2.

4

§ 11.  See also Hunneman Real Estate Corp. v. Norwood Realty, Inc., 54 Mass. App. Ct. 416, 429 (2002) (In denying Chapter 93A liability, court again recited the need for a commercial transaction in the context of an intentional interference claim under 93A.)

Accordingly, Cappseals' proposed amendment to its complaint to add a claim for violation of c. 93A, § 11 based on the Defendants' alleged fraudulent concealment of assets is futile.

## Conclusion

Based on the foregoing, because Cappseals' proposed amendment to its complaint is futile and fails to state a claim under c. 93A, its Motion for Leave to File an Amended Complaint must be denied by this Court.

Respectfully submitted,

DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., DONALD W. BARRETT and ROBERT MAIHOS,

By its attorney(s),

 /s/ Susan W. Gelwick
Peter S. Brooks, BBO #058980
Susan W. Gelwick, BBO #567115
Christopher F. Robertson, BBO #642094
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801

Dated:  May 15, 2006

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 5/15/06.


      /s/  Susan Gelwick