UNITED STATES DISTRICT COURT
For the District of Massachusetts

| | |
|---|---|
| CAPPSEALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., DIRECT FULFILLMENT, LLC, DONALD BARRETT, AND ROBERT MAIHOS, <br><br> Defendants. | C. A. No. 05-11907-JLT |

**CAPPSEALS, INC'S UPDATE OF RELEVANT FACTS
SUPPORTING ITS PENDING SUMMARY JUDGMENT MOTION**

Plaintiff Cappseals, Inc. ("Cappseals") submits this factual update to highlight information recently disclosed by the defendants so that the Court may consider all uncontested facts when evaluating Cappseals' pending Motion for Partial Summary Judgment (the "Motion") against Direct Marketing Concepts, Inc. ("DMC") and ITV Direct, Inc. ("ITV" or the "Judgment Debtor") (ITV and DMC are collectively referred to herein as "Defendants"). The updated facts contained herein should assist the Court in ruling on the pending Motion because they confirm DMC's obligation to pay the $1.1 million dollar judgment owed to Cappseals (the "Judgment").

DMC has argued that only ITV was a party to the unpaid purchase order contract that forms the debt that resulted in the Judgment. However, on August 18, 2006, ten months after this Court ordered disclosure of DMC's financial records, Defendants produced the proverbial "smoking gun" – previously missing bank statements that include copies of checks issued directly by DMC as partial payment for the goods Cappseals manufactured and delivered. The original partial payment was made to a third-party, Direct Business Concepts (a.k.a. Healthy

Solutions). Accordingly, before the checks were produced the only evidence as to payment were DMC's financial records evidencing its records of costs, and, DMC's assertion – now proven false – that it was never obligated to pay for the goods.

DMC has maintained that it "mistakenly" issued the purchase order requesting shipment of the goods at issue. DMC further maintains that it was not obligated to pay for any debt created by any purchase order as it was, at most, a third-party that provided loans to ITV to pay its individual obligations for procurement of the goods. The missing bank statements (and copies of checks contained therein) conclusively show that DMC ratified its obligations under the purchase order at issue when it made the initial (and only) payment – a fact that ITV and DMC have attempted to conceal from Cappseals and this Court until this past week.[1]

In addition, the payments by DMC (along with other newly discovered facts) further confirm that ITV and DMC have conducted business as a single entity with no legitimate distinction between their operations. DMC exclusively issued payments for shipments of the goods under the disputed purchase order and previous purchase orders until ITV initiated a related action to dispute the basis for the debt owed by both companies. DMC now wants to walk away with the profits generated from sales of the goods and leave its alter ego, ITV – a liquidated shell entity – with the payment obligation for the goods that were used to generate such profits. Accordingly, Cappseals respectfully requests that the Court consider the new facts contained herein and endorse its Proposed Order (Dkt. No. 33) thereby declaring DMC liable for payment of the Judgment.

---

[1] Submitted herewith is the Affidavit of Scott Silverman (the "Silverman Affidavit") that includes copies of the documents referenced herein. Attached as **Exhibit A** to the Silverman Affidavit is a true and accurate copy of DMC's bank statement for February 2004 containing check No. 5001 issued by DMC (page DMC 05445) for $300,024 to Direct Business Concepts (a.k.a. Healthy Solutions) pursuant to Purchase Order 1101. This payment reconciles perfectly with DMC's internal accounting reports previously submitted by Cappseals (Dkt. No. 13, Exhibit F at document ITV 0554, and, Exhibit G) listing the costs incurred by DMC to acquire the goods. These reports are attached as **Exhibits B** and **Exhibit C** to the Silverman Affidavit for the Court's convenience.

As further grounds for this update and the requested relief, Cappseals states as follows:

**GENERAL CASE BACKGROUND**

On August 3, 2005 this Court issued the Judgment against ITV and in favor of Cappseals in a related proceeding, *ITV Direct, Inc. v. Healthy Solutions, LLC et al*, C.A. No. 04-CV10421-JLT (the "ITV Action").

In the ITV Action, the Court awarded the Judgment in the amount of $1,041,684.49 (plus interest) against ITV based upon ITV's failure to pay for six shipments of a health supplement called "Supreme Greens" (the "goods") that ITV and DMC received from a company named Healthy Solutions (a.k.a. Direct Business Concepts) between December 2003 and February 2004. At the time that Defendants stopped payment on the goods, they had already received several shipments pursuant to a "standing" purchase order (numbered 1078) issued on October 8, 2003 requesting 160,000 bottles of the goods per month ("Purchase Order 1078").[2] The Judgment resulted from ITV's failure to pay for later shipments issued pursuant to a replacement "standing" purchase order (numbered 1101) dated November 21, 2003, that requested the delivery of 50,000 units of the goods per week ("Purchase Order 1101").[3] Because the Judgment has not been satisfied, Cappseals initiated this action and requested a separate judgment against DMC so that it can collect the debt owed by the Defendants that has remained outstanding since early 2004.

---

[2] A true and accurate copy of Purchase Order 1078 is attached to the Silverman Affidavit as **Exhibit D**.

[3] A true and accurate copy of Purchase Order 1101 was previously submitted to the Court as Exhibit D to the Affidavit of Scott Silverman filed on November 10, 2005 [Dkt. No. 13] and is attached to the current Silverman Affidavit as **Exhibit E** for the Court's convenience.

### CAPPSEALS INITIATES SUIT TO RECOVER THE JUDGMENT FROM DMC

Both this Court and the First Circuit have endorsed the fact that Purchase Order 1101 was the contract giving rise to ITV's liability to Cappseals.[4] Through this action, Cappseals has requested that the Court declare DMC is a co-obligor of the same debt that resulted in the Judgment. Alternatively, Cappseals has requested that the Court declare DMC and ITV to be alter egos of one another so that it can collect from DMC the amounts owed on the goods DMC has sold for significant profits. On November 10, 2005, Cappseals moved for partial summary judgment in the present action on its alter ego and co-obligor claims. [Dkt. No. 10]. On December 2, 2005, Defendants filed an Opposition to Cappseals' Motion, [Dkt. No. 15], to which Cappseals submitted a Reply memorandum on December 13, 2005. [Dkt. No. 19]. At the scheduling conference held on May 2, 2006, the Court ordered each party to submit a proposed memorandum of decision to the Court ruling in the parties' favor on the pending Motion. *See* Order [Dkt. No. 31]. Cappseals and the Defendants submitted proposed memoranda of decision on May 23, 2006 and June 13, 2006 respectively. [Dkt. Nos. 33 and 34]

### DMC'S INCOMPLETE DISCLOSURE OF FINANCIAL INFORMATION

Shortly after the Judgment was issued, Cappseals served post-judgment discovery to ITV and DMC pursuant to F.R.Civ.P. 69. Among other things, Cappseals requested bank statements for the relevant period of time including 2003 and 2004. Initially the Defendants opposed this discovery in part because the Judgment was only against ITV. However, on October 24, 2005 this Court endorsed Cappseals' Motion for Post Judgment Relief requiring, among other things, that ITV and DMC produce its financial records.

---

[4] This Court's July 20, 2005 Memorandum from the ITV Action was attached as Exhibit D to the Affidavit of Peter Antonelli. [Dkt. No. 21]. See also *ITV Direct, Inc. v. Healthy Solutions*, 445 F.3d 66 (1st Cir. 2006).

Thereafter, in November and December 2005, DMC and ITV produced documents including incomplete financial records. Among the missing records were DMC's bank statements covering December 2003, and, January and February 2004 – the time period during which payment would have been made for shipments of the goods under both Purchase Order 1078 and Purchase Order 1101.

Despite the limited material produced by the Defendants, Cappseals uncovered overwhelming evidence supporting (1) DMC's obligations under the same contract which gave rise to the Judgment, and, (2) a confused intermingling of business activities between DMC and the judgment debtor, ITV. Through its initial summary judgment filings Cappseals has demonstrated that DMC (along with ITV) ordered the Product when it issued Purchase Order 1101. Cappseals has also demonstrated that DMC was invoiced for the Product received. Further, at the time Cappseals filed its Summary Judgment Motion, it provided the Court with evidence demonstrating DMC had attributed the cost of acquiring the goods on its financial books and records along with **all** associated revenue generated from the sale of the goods.

While failing to rebut this evidence (or explain the complete liquidation of ITV seemingly timed to avoid payment of the Judgment), the Defendants have made the unsupported assertion that DMC and ITV are distinct, separate businesses with separate business purposes. The Defendants have also asserted that DMC provided funding for ITV's transactions similar to a third-party lender during a ramp-up period while their "forecast" was for ITV to carry its own weight financially at some undefined later date when it was able to repay DMC. Opposition, p. 7. In its Opposition, DMC attempted to explain its damning financial records by asserting that it loaned funds to ITV to pay for the goods but was never individually obligated to pay under any contract. Further, DMC asserted that the figures identified in its internal reports, including that

entitled "Cost of Supreme Greens Product Sold" were not costs incurred by DMC, but were instead accountings of the loans to ITV and associated "security."[5]

## DMC DISCLOSES THE MISSING BANK STATEMENTS

After follow-up requests from Cappseals, in January 2006, the Defendants acknowledged several discrepancies in their production. It was also at this time that the Defendants represented that the missing bank statements had been ordered from Beverly National Bank. Despite Defendants' acknowledgment, it took another seven months before DMC produced the missing bank statements a few days ago on August 18, 2006.[6] When the Defendants finally produced the missing bank statements they revealed the following:

- Between December 1, 2003 and February 4, 2004 DMC issued checks totaling $2,131,737.50 to pay for shipments of the goods under Purchase Order 1078.[7]

- On February 4, 2004 DMC issued a check to Direct Business Concepts (aka Healthy Solutions) in the amount of $300,024 in full payment for the first shipment of the goods under Purchase Order 1101.

What the latest (and significantly belated) production of documents reveals is that the costs of the goods do not appear in DMC's financial records simply due to an exercise in creative accounting. Rather, DMC directly paid for the goods issuing checks to Direct Business Concepts

---

[5] ITV's financials do not evidence any loan or liabilities to DMC. Prague Affidavit, Dkt. No. 21, ¶14.

[6] See Silverman Affidavit, **Exhibit F** a January 5, 2006 letter from defendant's counsel indicating the missing bank statement had already been "ordered" from the bank. Attached as **Exhibit G** to the Silverman Affidavit is the cover letter for Defendants' August 18, 2006 production. DMC's seven month delay in obtaining the "missing" bank statements is suspect considering its close relationship with its banking institution. Among other interesting information contained on ITV Direct's web-site is the statement that its president, Donald Barrett, is on the advisory board of Beverly National Bank (http://www.itvdirect.com/corporate/executives/donald_barrett.asp). This fact is confirmed by the bank's 2005 Annual Report available on the internet at http://www.bevbank.com/about/attach/BNB%20Formated.pdf.

[7] The bank statements for December 2003 and January and February 2004 contain 11 checks issued to Direct Business Concepts numbered 4558, 4559, 4561, 4622, 4666, 4772, 4809, 4862, 4867, 4925, and 5001. The January and February statements are attached to the Silverman Affidavit as **Exhibit H** and **Exhibit I** respectively.

(a.k.a. Healthy Solutions) including making partial payment for the debt obligation created by Purchase Order 1101. To the extent there was ever a question regarding DMC's role in the acquisition of the goods, these questions are answered by the documents Defendants have finally produced. DMC paid for the goods and the checks are conclusive proof it ratified its payment obligations. Whether or not the Court believes that DMC mistakenly issued Purchase Order 1101, when it accepted the goods, paid the invoices and sold them for a profit, it became individually liable under the purchase contract.

## ITV AND DMC'S RECENT BUSINESS ACTIVITIES

Consistent with the last set of financials Defendants produced, ITV's current financials indicate it has ceased operations and has absolutely no income or liabilities to satisfy the Judgment.[8] However, ITV and DMC have been operating an internet website available to the public at www.itvdirect.com (the "Website") to promote their continued operations. According to the Website, ITV continues to offer various services to its customers, which include: (1) television production; (2) media purchasing; (3) call center reception; (4) order processing; (5) product shipping; and (6) customer support. ITV operates a "multi-million dollar studio" that is the "largest infomercial production studio in America." In fact, According to the Website, **"the ITV customer base is exploding"**[9] and **"brings in millions in sales annually."**[10] These representations are either blatant misrepresentation, or, ITV and DMC have presented Cappseals

---

[8] The records recently produced by ITV indicate that it has ceased operations on any level. Attached to the Silverman Affidavit as **Exhibit J** is the most recent Profit and Loss Statement from ITV indicating it had net profit of "0.00" during the period January 1, 2006 through July 26, 2006.

[9] The web page containing this statement is attached to the Silverman Affidavit as **Exhibit K** and is available at http://www.itvdirect.com/corporate/executives/donald_barrett.asp.

[10] The web page containing this statement is attached to the Silverman Affidavit as **Exhibit L** and is available at http://www.itvdirect.com/news/latest_news/200603.asp. Collectively, the statements from the Website contradict various representations that ITV made in the Opposition to Cappseals' request for summary judgment. In particular, ITV claimed that "the forecast was for ITV to begin generating profit at some point several months after the commencement of the advertising. That never happened." Opposition, pg. 7.

with material that does not accurately reflect their operations, performance and ability to satisfy their debts.

## CONCLUSION

The updated facts further confirm Cappseals' suspicions that DMC and ITV are nothing more than constituent alter ego parts of a common enterprise used to promote and market nutritional supplements while avoiding liability for procurement of the goods they sell. The defendants are using their corporate structure to prevent Cappseals' from collecting on the Judgment that is clearly a debt owed by both companies. Cappseals' respectfully requests that the Court consider the updated facts, and endorse its proposed memorandum of decision.

## REQUEST FOR ORAL ARGUMENT

Respectfully submitted,

CAPPSEALS, INC.

By its attorneys,

/s/ Scott Silverman
Daniel J. Kelly, BBO # 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO # 638087
ssilverman@ghlaw.com
Peter Antonelli, BBO # 661526
pantonelli@mccarter.com
McCarter & English, LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

August 25, 2006

## CERTIFICATE OF SERVICE

I hereby certify that true and accurate copies of the foregoing <u>Update of Relevant Facts</u> was served on the foregoing attorneys of record pursuant to Fed. R. Civ. P. 5 as follows:

<u>Via electronic notification:</u>

Peter S. Brooks          pbrooks@seyfarth.com

Susan W. Gelwick         sgelwick@seyfarth.com

Christopher F. Robertson    crobertson@seyfarth.com

                                                               /s/ Scott Silverman
                                                               Daniel J. Kelly BBO# 553926
                                                               dkelly@ghlaw.com
                                                               Scott A. Silverman, BBO #638087
                                                               ssilverman@ghlaw.com
                                                               McCarter & English
                                                               225 Franklin Street
                                                               Boston, MA 02110

DATED: August 25, 2006           (617) 345-7000

B0477396v1