UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPPSEALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., DIRECT FULFILLMENT, LLC, DONALD BARRETT, and ROBERT MAIHOS, <br><br> Defendants. | CIVIL ACTION NO. 05-CV-11907-JLT |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Direct Marketing Concepts, Inc., ITV Direct, Inc., Direct Fulfillment, LLC, Donald Barrett and Robert Maihos (collectively "Defendants") by and through their undersigned attorneys, answer the Amended Complaint filed by the Plaintiff Cappseals, Inc. ("Cappseals").

The Introductory Paragraph is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that DMC is a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. The remaining allegations are denied.

3. [Paragraph 3 is identical to Paragraph 2]. Defendants admit that DMC is a Massachusetts corporation with its principal place of business in Beverly, Massachusetts. The remaining allegations are denied.

2

4. Defendants admit that ITV Direct is a Massachusetts corporation with its principal place of business in Beverly, Massachusetts.

5. Defendants deny the allegations of Paragraph 5.

6. Defendants admit that Mr. Barrett is a resident of Massachusetts. Defendants also admit that Mr. Barrett is an officer, director and owner of DMC and ITV Direct. The remaining allegations are denied.

7. Defendants admit that Mr. Maihos is a resident of Massachusetts. Defendants also admit that Mr. Maihos is an officer, director and owner of DMC and ITV Direct. The remaining allegations are denied

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. Further responding, Defendants state that the allegations contained in Paragraph 8 purport to state a legal conclusion to which no response is required.

9. The allegations of Paragraph 9 purport to state a legal conclusion to which no response is required.

10. Defendants admit that ITV Direct entered into a Distribution Agreement with Healthy Solutions, LLC on or about April 2003. The remaining allegations are denied.

11. The allegations of Paragraph 11 are denied.

12. The allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

15. Defendants admit that a lawsuit was filed by ITV Direct against Healthy Solutions and others for fraud, breach of contract, and indemnification, among other claims. The remaining allegations are denied.

16. Defendants admit that Cappseals intervened in the lawsuit filed by ITV Direct against Healthy Solutions, after failing to obtain emergency relief in the Massachusetts Superior Court. The remaining allegations are denied.

17. Defendants admit that the district court entered a judgment in favor of Cappseals, which judgment speaks for itself. The remaining allegations are denied.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

## COUNT I

**(Fraudulent Transfer, M.G.L. c. 109A, § 5)**

26. Defendants incorporate by reference their answers to Paragraphs 1 through 25 as if fully set forth herein.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. Paragraph 29 of the Complaint purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. The allegations of Paragraph 30 are denied.

## COUNT II

### (Fraudulent Transfer, M.G.L. c. 109A, § 6)

31. Defendants incorporate by reference their answers to Paragraphs 1 through 30 as if fully set forth herein.

32. The allegations of Paragraph 32 are denied.

33. The allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 35 are denied.

## COUNT III

### (Alter Ego)

37. Defendants incorporate by reference their answers to Paragraphs 1 through 36 as if fully set forth herein.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied.

44. The allegations of Paragraph 44 are denied.

## COUNT IV

**(Declaratory Judgment Pursuant to 28 U.S.C. § 2201)**

45. Defendants incorporate by reference their answers to Paragraphs 1 through 44 as if fully set forth herein.

46. The allegations of Paragraph 46 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint. Further responding, Defendants state that the allegations contained in Paragraph 47 purports to state a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

48. Paragraph 48 is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

49. Paragraph 49 is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. Paragraph 50 is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

51. Paragraph 51 is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT V

**(Constructive Trust Upon Assets of DMC, Donald Barrett and Robert Maihos)**

52. Defendants incorporate their answers to Paragraphs 1 through 51 as if fully set forth herein.

53. The allegations of Paragraph 53 are denied.

54. Paragraph 54 is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

55. Paragraph 55 is a statement of relief sought and purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VI

**(Reach and Apply)**

56. Defendants incorporate their answers to Paragraphs 1 through 55 as if fully set forth herein.

57. The allegations of Paragraph 57 are denied.

58. The allegations of Paragraph 58 are denied.

59. The allegations of Paragraph 59 are denied.

60. The allegations of Paragraph 60 are denied.

## COUNT VII

**(Violation of G.L. c. 93A)**

61. Defendants incorporate their answers to Paragraphs 1 through 60 as if fully set forth herein.

62. The allegations of Paragraph 62 are denied.

63. The allegations of Paragraph 63 are denied.

64. The allegations of Paragraph 64 are denied.

65. The allegations of Paragraph 65 are denied.

66. The allegations of Paragraph 66 are denied.

67. The allegations of Paragraph 67 are denied.

68. The allegations of Paragraph 68 are denied.

69. The allegations of Paragraph 69 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiff's causes of action fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not been damaged by any acts of one or more of the Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's own acts are the cause of any alleged damages it has suffered.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, which arise only through the doctrine of reach and apply, are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, which arise only through the doctrine of reach and apply, must be dismissed due to Healthy Solution's breach of contract and breach of the covenant of good faith and fair dealing.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim under c. 93A § 11 must be dismissed where there was no direct business relationship or commercial transaction between the parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of fraud and fraud in the inducement.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of anticipatory beach and repudiation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants must be dismissed because Defendants had no agreement with Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

There is no basis to pierce the corporate veil as to DMC and/or Messrs. Barrett and Maihos personally.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are subject to set-off.

WHEREFORE, the Defendants request this Court to:

a. Dismiss this action in its entirety, with prejudice; and

b. Grant such other and further relief deemed appropriate and just.

Respectfully submitted,

DIRECT MARKETING CONCEPTS, INC., ITV DIRECT, INC., DIRECT FULFILLMENT, LLC, DONALD BARRETT and ROBERT MAIHOS

By their attorney(s),

 /s/ Susan W. Gelwick
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:      (617) 946-4801

Dated:  September 15, 2006

9