UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPPSEALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-CV11907-JLT |
| ) | |
| DIRECT MARKETING CONCEPTS, INC. ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO COMPEL FINANCIAL DOCUMENTATION FROM DEFENDANTS ROBERT MAIHOS AND DONALD BARRETT

Plaintiff Cappseals, Inc. respectfully moves to compel Robert Maihos and Donald

Barrett, the owners and principal officers of ITV Direct, Inc. and Direct Marketing Concepts,

Inc. (respectively "ITV Direct" and "DMC"), and defendants in the above-captioned action, to

produce personal bank statements, financial statements and/or other financial data pertaining to

transfers of monies to them (whether in the form of compensation, dividends, loans,

distributions, and/or other remunerations), and personal state and federal tax returns for the

period January 1, 2003 to the present ("Financial Information"). Maihos and Barrett have

refused to produce this information.

Consistent with and pursuant to this Court's April 5, 2006 Discovery Order (addressing

the parties' automatic required disclosure obligations under Fed. R. Civ. P. 26(a)(1) and L.R.

26.2(A)), Cappseals has sought from defendants Maihos and Barrett the Financial Information.

These requests have been made in letters dated April 19, 2006, October 31, 2006, November 10,

2006, November 27, 2006, and December 11, 2006 (copies of which are annexed hereto as

Exhibit A). Although counsel for the defendants have orally objected to the production of such

records, Cappseals did not receive its first written explanation until counsel's letter of December

13, 2006, annexed hereto as Exhibit B. The objection is as follows:

> Finally, as to your ongoing requests for personal financial
> information concerning Messrs. Maihos and Barrett, including
> information regarding their personal bank accounts, we continue to
> object to producing any of that information as beyond the scope of
> permissible discovery. As we have stated since the first request for
> information was made long ago, we believe the requests for these
> individuals' personal financial information is designed for no other
> purpose than to annoy, harass and embarrass them, and the
> disclosure of this information is not warranted unless and until
> there is a judgment against them. As noted above, we have already
> produced the general ledgers and bank statements from ITV Direct,
> Inc. and Direct Marketing Concepts, Inc., which reflect all
> payments from those companies to Messrs. Maihos and Barrett
> during the relevant period. Nothing further is required at this time.
> Ex. B, pp. 2-3.

In the above captioned action, Cappseals has averred that, *inter alia*, Barrett and Maihos

are recipients of fraudulent transfers in violation of M.G.L. c. 109A Sections 5 and 6, and that

Barrett and Maihos have been unjustly enriched by obtaining the right, title and interest in the

assets of ITV Direct without paying fair value for such assets. See Amended Complaint (Docket

No. 37). Documents pertaining to monies received by Maihos and Barrett from 2002 to the

present from ITV Direct, DMC, and any other affiliated company, including bank statements,

financial information, and individual tax returns, are directly relevant to these causes of action

and are discoverable. See Buntzman v. Springfield Redevelopment Authority, 146 F.R.D. 30, 32

(D. Mass. 1993); Pedrazza v. Holiday Housewares, Inc., 203 F.R.D. 40, 43 (D. Mass. 2001).

In Buntzman and Pedrazza, this Court explained how it approaches requests for

disclosure of tax returns and other personal financial information. The party seeking the

information must establish that they are relevant, and the party resisting disclosure must

demonstrate that the information contained therein is not otherwise obtainable. See, e.g.,

Pedrazza, 203 F.R.D. at 42.  DMC and ITV have produced no reliable alternative source for this information.

As this Court is aware, and as indicated in Ex. B, ITV and DMC have produced in related litigation (ITV Direct, Inc. v. Healthy Solutions, LLC, C.A. No. 04-cv-10421-JLT (D. Mass.) ("Related Case")) certain incomplete and unaudited financial records of DMC and ITV Direct prepared by Wayne Callahan, an independent contractor who is neither a CPA nor holds a degree in accounting.  (See testimony of Wayne Callahan in Supplementary Process Hearing in the Related Case, Docket No. 171, pp. 33:7-34:12).  Despite Mr. Callahan being proffered as ITV's corporate representative in the Supplementary Process hearing in the related action, Mr. Callahan was fired by ITV Direct and DMC, and is no longer providing services to either ITV Direct or DMC, Inc.  See Ex. B, p. 2, and November 30, 2006 email from Christopher Robertson (counsel to defendants) to Peter Antonelli (annexed hereto as Exhibit C) ("ITV and DMC have *dismissed* Mr. Callahan, and retained new auditors/accountants, who are currently reviewing and *scrubbing* the financial statements.  Once that process is complete, we will be able to provide current data, but that information is not available at this time because of the review.") (emphasis added).  Moreover, no financial records pertaining to other affiliated companies to DMC and ITV, such as ITV Global, ITV Ventures, and DBRM, LLC (see generally Cappseals, Inc.'s Reply to the ITV Parties' Opposition to Cappseals Motion for Sanctions, filed in the Related Case as Docket #178) have been produced.

Cappseals should be permitted to examine Maihos's and Barrett's own financial records, including tax returns filed under oath with the respective tax authorities, to determine whether the transfers indicated in the financial data already produced are accurate and complete, and to determine whether there have been any other transfers from related companies or immediate

transferees of ITV Direct and DMC. The documents are directly relevant to Cappseals'

fraudulent transfer and unjust enrichment claims against Barrett and Maihos, and the defendants

cannot produce any reliable and complete alternative.

For these reasons, Cappseals respectfully requests that the Court order Donald Barrett

and Robert Maihos to produce forthwith all personal bank statements, personal federal and state

tax returns, and other financial documents which show transfers of monies to them in the period

January 1, 2003 to the present.


CAPPSEALS, INC.
By its attorneys,

/s/ Daniel J. Kelly
Daniel J. Kelly, BBO # 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO # 638087
ssilverman@ghlaw.com
Peter Antonelli, BBO # 661526
pantonelli@ghlaw.com
McCarter & English, LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

## LOCAL RULE 7.1(A)(2) and 37.1(B) CERTIFICATION

I, Daniel J. Kelly, counsel for Cappseals, Inc., hereby certify that attorneys within my office have conferred with defendants' counsel orally and by correspondence in a good faith attempt to resolve or narrow the issues raised in this Motion, but have been unable to do so.

/s/ Daniel J. Kelly
Daniel J. Kelly BBO# 553926

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the attorneys of record pursuant to Fed. R. Civ. P. 5 and Local Rule 5.4(c) as follows:

Via electronic notification:

Peter S. Brooks        pbrooks@seyfarth.com

Susan W. Gelwick       sgelwick@seyfarth.com

Christopher F. Robertson    crobertson@seyfarth.com

/s/ Daniel J. Kelly
Daniel J. Kelly BBO# 553926
dkelly@ghlaw.com
Scott A. Silverman, BBO #638087
ssilverman@ghlaw.com
Peter Antonelli, BBO # 661526
pantonelli@ghlaw.com
McCarter & English, LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

DATED:  December 20, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPPSEALS, INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) C. A. No. 05-CV11907-JLT |
| DIRECT MARKETING CONCEPTS, INC. | ) |
| et al., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**MOTION TO COMPEL FINANCIAL DOCUMENTATION FROM DEFENDANTS
ROBERT MAIHOS AND DONALD BARRETT**

**EXHIBIT A**



Scott A. Silverman
ssilverman@ghlaw.com

Tel: 617 345 7077
Fax: 617 204 8077

April 19, 2006

VIA FACSIMILE

Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

      Re:   Cappseals, Inc. v. Direct Marketing Concepts, Inc., et al.,
             C.A. No. 05-11907-JLT

Dear Chris:

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
Fax  617 345 7050

www.ghlaw.com

     I am writing to follow up on our conversation regarding the obligations created by the Discovery Order and Notice of Scheduling Conference issued in the above referenced case.  As we have discussed and agreed, Cappseals does not have any documents or information relevant to the disputed issues in the above referenced case.  Rather, because the claims concern the enforcement of the Judgment in *ITV Direct, Inc. v. Healthy Solutions, LLC et al*, C.A. No. 04CV10421JLT (the "Related Action") and the relationship between ITV, DMC and the individual defendants, the relevant documents and information are exclusively within your clients' possession and control.

     Admittedly, we have received some relevant information in response to our post-judgment discovery efforts in the Related Action.  However, several categories of documents remain outstanding.  Additionally, your clients have withheld certain information on the theory that it is more appropriate for disclosure during discovery in the present case.  More specifically, it appears that we have not received and will need your clients to make available the following information as part of their initial disclosures:

    1.     Complete and updated financials for ITV and DMC and any other related entity;

    2.     Complete and updated bank statements and cancelled checks for ITV and DMC through the present date.  While we have received some of the same already, I know that financial material for December, 2003 remains outstanding and we do not have any current records since the last production in December, 2005;

    3.     Corporate meeting minutes for both ITV and DMC for the period 2002 to the present;

Christopher F. Robertson, Esq.
April 19, 2006                                                   **G A D S B Y   H A N N A H** LLP
Page 2

4.    Any and all corporate filings with the Secretary of State for both ITV and DMC;

5.    Tax returns for Both ITV and DMC;

6.    Stock schedules (historical and present) for both ITV and DMC;

7.    employee and payroll lists for both ITV and DMC;

8.    Personal financial statements for Donald Barrett and Robert Maihos;

9.    Any and all invoices from any accountant, including Wayne Callahan, with respect to services provided to DMC, ITV, Mr. Barrett and/or Mr. Maihos as well as any other related or affiliate company of ITV or DMC;

10.   Any and all communications between Seyfarth Shaw and Mr. Callahan (and anyone associated with Mr. Callahan), all draft affidavits and reports, all notes, summaries, and other documents pertaining to Mr. Callahan's work for DMC and/or ITV and, more specifically, his testimony in the Related Action or any matter by and between DMC, ITV and the Federal Trade Commission, and all documents on which Mr. Callahan reviewed and/or relied in connection with his testimony;

11.   Any internal monthly financial reports and monthly reports that were submitted to DMC or ITV's outside lender, Chase, or any other third party, which bear on or include information relative to ITV's and DMC's financial condition; and

12.   Complete and updated general ledgers for ITV and DMC and any other related entity.

The general ledgers that we have received in the past have been incomplete showing little more than a listing of deposits and withdrawals that were essentially useless without additional information – as confirmed by ITV and DMC's accountant, Mr. Callahan. However, Mr. Callahan also testified in his deposition that the software systems employed by the two entities permit various reports, such as accounts receivable ledgers, accounts payable ledgers, a chart of accounts, profit and loss statements, balance sheets and other financial reports. We need a copy of all such reports that can be generated from the accounting software used by the two companies, including a list of reports which the software is capable of generating. If you are not in a position to do this, we request an electronic copy of the database used by the two companies for its accounting system so that we may access the database ourselves and generate all such reports.

Obviously one of the purposes of initial disclosures is to avoid the game of cat and mouse that can be played with discovery requests and responses. While

Christopher F. Robertson, Esq.
April 19, 2006
Page 3

**G A D S B Y   H A N N A H** LLP

the above list generally encompasses the material that may be relevant to the disputed issues, this list is by no means exhaustive.  As you are aware, the Rules require your client to disclose existing material that may be relevant whether known or unknown to Cappseals.  Accordingly, we reserve our right to request additional categories of information to the extent that we have overlooked any such categories, or, to the extent that any such further categories of information become apparent after we have been given proper access to ITV and DMC's accounting records.

Additionally, you should not take our willingness to provide this list as any acknowledgment regarding the timing of your clients' disclosures.  While the Discovery Order provided little turn-around time, we expect your clients will make every effort to comply with their obligations in a timely manner.

On a related note, pursuant to the Court's April 5th Discovery Order, by Friday we will provide you with the additional information required as well as a written settlement proposal.  We will expect that your clients will comply with all of their obligations also.  Please feel free to contact me at any point over the next couple of days so that we can coordinate all outstanding issues to comply with our various obligations heading into the May 2nd Scheduling Conference.  Thank you in advance for your cooperation.

Very truly yours,

Scott A. Silverman

SAS/jrg

cc:     Daniel J. Kelly, Esq.
        Peter Antonelli, Esq.

B0458341v1

McCARTER
ENGLISH
ATTORNEYS AT LAW

October 31, 2006

**VIA FACSIMILE AND US MAIL**

Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210

Peter Antonelli

T. 617.345.7042
F. 617.204.8042
pantonelli@mccarter.com

Re:  Cappseals, Inc. v. Direct Marketing Concepts, Inc., et al.,
     <u>C.A. No. 05-11907-JLT</u>

Dear Chris:

With respect to the above matter, we have received responsive information pursuant to our discovery requests from your clients through August 2006, but no later.  Accordingly, and in preparation for the trial, please supplement your most recent responses by producing the following documents:

McCarter & English, LLP

225 Franklin Street
Boston, MA  02110
T. 617.345.7000
F. 617.345.7050
www.mccarter.com

- • Complete and updated financial statements for ITV and DMC;

- • Complete and updated bank statements and cancelled checks for ITV and DMC;

- • Complete and updated general ledgers for ITV and DMC;

- • Complete and updated tax returns for ITV and DMC.

In addition to the updated and supplemental financial records of ITV and DMC, your clients have failed to produce **any** records of the defendants Robert Maihos or Donald Barrett as Scott Silverman previously requested from you in his letter dated April 19, 2006.  Accordingly, please provide this information in its entirety from the period January 1, 2003 to present as follows:

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

- • Complete and updated financial statements for Robert Maihos and Donald Barrett;

- • Complete and updated bank statements and cancelled checks for Robert Maihos and Donald Barrett;

- • Complete and updated tax returns for Robert Maihos and Donald Barrett;

ME1 952668v.1

Christopher Robertson
October 31, 2006
Page 2


In addition to these records, please produce tax returns, bank statements and financial statements for all sister companies of ITV and DMC, including ITV Global, Inc. from the period January 1, 2003 to present.

Thank you for your attention to this matter.

Sincerely,


Peter Antonelli

PA/bmh

Attachment

cc:   Daniel J. Kelly, Esq.
      Scott A. Silverman, Esq.



McCARTER
ENGLISH
ATTORNEYS AT LAW

November 10, 2006

VIA FACSIMILE AND US MAIL

Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210

**Peter Antonelli**

T. 617.345.7042
F. 617.204.8042
pantonelli@mccarter.com

Re:  ITV Direct, Inc. v. Healthy Solutions, LLC et al.,
     C.A. No. 04-10421-JLT **and** Cappseals, Inc. v. Direct Marketing Concepts,
     Inc., et al., C.A. No. 05-11907-JLT(Dien, J).

Dear Chris:

McCarter & English, LLP
225 Franklin Street
Boston, MA  02110
T. 617.345.7000
F. 617.345.7050
www.mccarter.com

I am writing to follow up on the documents Cappseals requested in the subpoena we issued to Wayne Callahan prior to the last supplementary process hearing held on October 26, 2006 ("Hearing").   I am also writing to follow up on my recent letter dated October 31, 2006 concerning documents we requested, but have not received, in the related action.

During the Hearing, Peter Brooks agreed, at the Court's request, to provide those documents to Cappseals. As you know, we have not yet received them. Accordingly, please provide the subpoenaed documents as soon as possible and in any case no later than the end of day next Wednesday, November 15, 2006.

BALTIMORE

BOSTON

Similarly, please produce the records in the related action that I identified in my October 31st letter.

HARTFORD

Thanks in advance for your attention to this matter.

NEW YORK

Regards,

NEWARK

Peter Antonelli

PHILADELPHIA

PA/bmh

STAMFORD

cc:  Daniel J. Kelly, Esq.
     Scott A. Silverman, Esq.

WILMINGTON

B0490246v1



**M<sup>c</sup>CARTER ENGLISH**

ATTORNEYS AT LAW

November 27, 2006

VIA FACSIMILE AND US MAIL

Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210

Peter Antonelli
T. 617.345.7042
F. 617.204.8042
pantonelli@mccarter.com


McCarter & English, LLP
225 Franklin Street
Boston, MA  02110
T. 617.345.7000
F. 617.345.7050
www.mccarter.com

Re:  Cappseals, Inc. v. Direct Marketing Concepts, Inc., et al., C.A. No. 05-11907-JLT (Dien, J).

Dear Chris:

I am writing to follow up on my recent letters dated November 10 and October 31, 2006 concerning documents we requested, but have not received, in the above action.

As you know we have not received any of the updated financial records that we previously requested.  You mentioned during our last telephone conversation that in response to my November 10th letter you would produce these documents shortly but I have yet to receive them.  Accordingly, please confirm when you will produce these documents.

Thank you in advance for your attention to this matter.

Regards,

*Peter Antonelli* (signature)

Peter Antonelli

PA/bmh

cc:  Daniel J. Kelly, Esq.
     Scott A. Silverman, Esq.

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON



Scott A. Silverman

T. 617-345-7077
F. 617-607-9144

McCarter & English, LLP
225 Franklin Street
Boston, MA 02110
T. 617.345.7000
F. 617.345.7050
www.mccarter.com

December 11, 2006

VIA FIRST CLASS MAIL AND ELECTRONIC MAIL

Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

Re: ITV Direct, Inc. v. Healthy Solutions LLC, et al. and Cappseals, Inc. v. Healthy
Solutions LLC d/b/a Direct Business Concepts, et al., Civil Action No. 04-CV-
10421-JLT
&
Cappseals, Inc. v. Direct Marketing Concepts, Inc., et al.,
C.A. No. 05-11907-JLT

Dear Chris:

We are in receipt of the documents you produced on December 5, 2006 in response
to the Court's Order of November 21, 2006 (the "Order") and the subpoenas issued
to ITV Direct, Inc. ("ITV"), Direct Marketing Concepts, Inc. ("DMC") and Seyfarth
Shaw LLP ("Seyfarth"). As initially indicated in my e-mail to you last week, the
production seems to be missing various categories of documents that were
requested. I have highlighted below the various deficiencies we have identified from
our initial review of the material as well as other records that should have been
produced in the matters referenced above. The Order specifically indicated that if
any documents were to be withheld based upon privilege, a log was required by the
December 5, 2006 production date. Because no log was produced, we assume that
none of the missing material has been withheld based upon any privilege.

**October 20, 2006 Subpoena to Seyfarth:**

In response to the subpoena to Seyfarth you have taken a very narrow interpretation
of the relevant requests producing only the "sanitized" final invoices issued for ITV
related work. More specifically, you have not produced any records of payments or
electronic reports - that are customary at every law firm - to demonstrate the total
amounts paid and from where the payments came. In addition, you have only
produced records covering work performed through September, 2006
notwithstanding the fact that similar information for October and November should
have been readily available.

**October 20, 2006 Subpoenas to ITV and DMC:**

As to the requests directed to DMC and ITV regarding license agreements and trade
marks/names, ITV and DMC have produced thousands of documents made up of
pleadings, deposition transcripts and exhibits from litigation involving the Federal

Christopher F. Robertson, Esq.
December 11, 2006
Page 2

Trade Commission and Kevin Trudeau over the product coral calcium. As opposed to the requests directed to Seyfarth, in response to these subpoenas ITV and DMC have taken the most liberal interpretation to justify a dump of voluminous documents. However, conspicuously absent from the production are any trade mark/name applications, license agreements or documents concerning the marks and names identified in detail within the schedules to the subpoenas (including "ITV Direct," "Almighty Cleanse," "FlexProtex," Rice n' Shine," "SeaVegg," "ITV Total Living Membership," "Natural Cures," and "Dr. Duarte Disease Prevention Series").

**October 20, 2006 Subpoena to Wayne Callaghan:**

Within the Seyfarth billing records produced this past week, there are indications that on August 19, 2006 Susan Gelwick was "review[ing] invoices of W. Callahan for privileged material in order to produce to Cappseals; compare with prior invoices produced to Cappseals." However, the only invoice we have received since the beginning of the Supplementary Process hearings is the invoice that was manufactured on November 9, 2006 for undated services associated with tax returns. There is no legitimate reason why the invoice(s) referenced in Ms. Gelwick's time entry - or any other Callahan invoices - should not be immediately produced.

**Updated Financial Records for ITV and DMC:**

Beyond the deficiency of the productions in response to the subpoenas identified above, DMC and ITV have failed to reasonably supplement their financial disclosures as we have highlighted in several letters including those on October 31, 2006, November 10, 2006 and November 27, 2006. More specifically, the bank statements that have been produced for each company are only good through July 31, 2006. Additionally, the supplemental production on December 1, 2006 only included the 2005 tax returns for ITV and DMC without any supplemental bank statements, financials or general ledgers. This is particularly troubling because of two separate billing entries for Ms. Gelwick in August, 2006. On August 23, 2006 Ms. Gelwick reviewed "additional financial documents received from W. Callahan regarding DMC." On August 24, 2006 Ms. Gelwick "Review[ed] additional Citibank statements received from W. Callahan to produce to Cappseals . . ."[1] Notwithstanding the records apparently available for production, the material we have received since August has not included any financial records for DMC or ITV (beyond the final 2005 tax returns). Additionally, the defendants have never produced any statements referencing an account with Citibank.

As you might expect, your position that the financials must be "scrubbed" before production because of prior problems created by Mr. Callahan is inconsistent with the obligations of ITV and DMC. Cappseals is entitled to financial documentation as it currently exists. Accordingly, there is no legitimate reason why this documentation

---

[1] A copy of the page from Seyfarth's invoice containing the referenced entries in August, 2006 is attached hereto.

Christopher F. Robertson, Esq.
December 11, 2006
Page 3

has been withheld and Cappseals is entitled to this information without further delay. Furthermore, considering Mr. Barrett has gone on record as stating that his companies are going "belly-up," we are entitled to verify the financial position of both entities that seemingly may be inconsistent with the data we have received to date.

Finally, as previously articulated in letters dated April 19, 2006 and October 31, 2006 the defendants have failed to produce any records regarding the finances Robert Maihos and Donald Barrett.

Please contact me immediately to discuss when we can expect to receive the following documentation:

- Seyfarth accounting records regarding payment of invoices;

- Seyfarth documentation regarding time entries and charges for October and November, 2006;

- Documentation concerning the trade name and marks indicated above;

- Updated bank statements (including those from any Citibank account), financials and general ledgers for ITV and DMC;

- Any Callaghan invoices withheld from production.

- Documentation concerning the finances of Mr. Barrett and Mr. Maihos.

I look forward to speaking with your or Peter Brooks as soon as possible so that we can resolve these discrepancies.

Very truly yours,

Scott A. Silverman

/jrg

cc:    Daniel J. Kelly, Esq.
       Peter Antonelli

ME1 6023315v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CAPPSEALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-CV11907-JLT |
| | ) | |
| DIRECT MARKETING CONCEPTS, INC. | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO COMPEL FINANCIAL DOCUMENTATION FROM DEFENDANTS
ROBERT MAIHOS AND DONALD BARRETT**

**EXHIBIT B**



Writer's direct phone
617-946-4989

Writer's e-mail
crobertson@seyfarth.com

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA 02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

December 13, 2006

**BY HAND**

Scott A. Silverman, Esq.
McCarter & English LLP
225 Franklin Street
Boston, MA 02210

> Re:    **Cappseals, Inc. v. ITV Direct, Inc., et al.**

Dear Scott:

    I write to respond to your letter to me dated December 11, 2006, in which you assert certain deficiencies in the recent production of documents by Seyfarth Shaw LLP, ITV Direct, Inc. and Direct Marketing Concepts, Inc.  Needless to say, we disagree that the production, consisting of thousands of responsive documents, was deficient.  In addition, the claimed deficiencies in your letter demonstrate that you have not conducted a thorough review of the documents that were produced.

    As a preliminary matter, the subpoena to Direct Marketing Concepts, Inc. sought all information concerning the sale of coral calcium, without any restriction as to the time period sought in the request.  In responding to this request, we sought to provide that information without overwhelming you with only marginally relevant documents, such as the fourteen boxes of supporting medical information produced to the Court in the FTC action.  Our production was in no way a "dump" of information upon Cappseals, but was a genuine effort to provide a response to the subpoena as issued without inundating Cappseals.

    Also, contrary to your assertion, the production does include contracts and trademark information for ITV Direct, Inc. and Direct Marketing Concepts, Inc. related to the referenced products.  For example, the contracts related to the product Sea Vegg™ were produced, as well as consulting agreements and services contracts related to other products, to the extent that these documents relate to ITV Direct, Inc. or Direct Marketing Concepts, Inc.  The presumption that trademark information for other products would be in the possession of ITV Direct, Inc. or Direct Marketing Concepts, Inc., as pointed out at the supplementary process hearing, is incorrect.  Documents related to the trademarks for the identified products would be in the possession of the owners of those trademarks, and not either of the subpoenaed companies.

BO1 15808961.3 / 35965-000006



With regard to the subpoena to Seyfarth Shaw LLP, once again the documents you claim were not produced in fact have been produced. Specifically, the time entries for October 2006 are found at Bates Nos. ITV 000698 - 700 and ITV 000848 - 852. There were no time entries in the ERA case in October, and thus no invoice was issued. Also, we have no idea what you mean by "sanitized" invoices. To the contrary, other than redacting privileged work product and attorney client communications, the invoices have been produced in the form they are maintained by the firm. Moreover, while certain information was redacted, no invoices were withheld entirely on the basis of privilege. Consistent with Judge Dein's order, no privilege log is required. As to the request for payment information, we enclose a spreadsheet reflecting payments on each of the referenced matters, Bates Nos. ITV 001887 - 1892. Per our prior stipulation, we have confirmed that all of these payments were made by Direct Marketing Concepts, Inc. In light of that stipulation, it does not seem that additional information is required.

Concerning the subpoena to Mr. Callahan, as you know Mr. Callahan is no longer providing services to either ITV Direct, Inc. or Direct Marketing Concepts, Inc. Nonetheless, we have reviewed our files to ascertain whether any prior invoices issued by Mr. Callahan to ITV Direct, Inc. exist, but were not produced. Based on that review, we have no basis to believe that any such invoices exist. However, it does appear that Mr. Callahan issued invoices to Direct Marketing Concepts, Inc. for services performed for that company, many of which have been previously produced to Cappseals as part of discovery in this case. These documents bear Bates Nos. DMC 002808 - 002820. We are also producing a few additional invoices issued by Mr. Callahan to Direct Marketing Concepts, Inc. that may not have been previously produced, despite that fact that these are not covered by the subpoena, Bates Nos. ITV 001893 - 1917.

Regarding the requests for updated financial information from ITV Direct, Inc. and Direct Marketing Concepts, Inc., that information is not the subject of the subpoenas issued by Cappseals and is not covered by Judge Dein's order. Nonetheless, both companies have been consistently producing such information under the general discovery plan issued by Judge Tauro in the parallel litigation. As you noted to us in response to our subpoena issued to McCarter & English, Judge Tauro did not allow any additional discovery in that case. Thus, while we are endeavoring to collect and produce certain additional information in the parallel case, that information has no bearing on the present litigation, despite your efforts to make it so. Moreover, your references to Ms. Gelwick's August time entries clearly relate to the review of financial information up to July 2006, which has been produced if responsive. Likewise, the reference to a Citibank account relates to a vendor account, and therefore falls outside the scope of discovery. As I have previously told you on several occasions, we have requested updated bank and financial information and will review and produce it in due course after we receive it.

Finally, as to your ongoing requests for personal financial information concerning Messrs. Maihos and Barrett, including information regarding their personal bank accounts, we continue to object to producing any of that information as beyond the scope of permissible discovery. As we have stated since the first request for this information was made long ago, we



believe the requests for these individuals' personal financial information is designed for no other purpose than to annoy, harass and embarrass them, and the disclosure of this information is not warranted unless and until there is a judgment against them. As noted above, we have already produced the general ledgers and bank statements from ITV Direct, Inc. and Direct Marketing Concepts, Inc., which reflect all payments from those companies to Messrs. Maihos and Barrett during the relevant period. Nothing further is required at this time.

As to the continuation of the supplementary process hearing, Peter has been out of the office on another matter and is returning tomorrow. We will advise tomorrow whether we intend to call any additional witnesses and the identity of any such witnesses.

Very truly yours,

Christopher F. Robertson

cc:    Peter S. Brooks, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPPSEALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-CV11907-JLT |
| ) | |
| DIRECT MARKETING CONCEPTS, INC. ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO COMPEL FINANCIAL DOCUMENTATION FROM DEFENDANTS
ROBERT MAIHOS AND DONALD BARRETT**

**EXHIBIT C**

**From:**     Robertson, Christopher [crobertson@seyfarth.com]
**Sent:**      Thursday, November 30, 2006 6:53 PM
**To:**         Antonelli, Peter
**Subject:**   Cappseals/ITV

Peter:

Following up on your letter, I now have the 2005 tax returns and will be producing them tomorrow, subject to the confidentiality order entered in this case.  However, as I mentioned to Scott today, ITV and DMC have dismissed Mr. Callahan, and retained new auditors/accountants, who are currently reviewing and scrubbing the current financial statements. Once that process is complete, we will be able to provide current data, but that information is not available at this time because of this review.  If I can obtain interim information, we certainly will provide it as we have in the past.

We will also be producing the information responsive to the subpoenas on Tuesday, December 5, 2006 per Judge Dein's order.

Thanks.

Chris

Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4989
(617) 946-4801

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.