UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPPSEALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIRECT MARKETING CONCEPTS, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. 05-cv-11907-JLT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS DONALD BARRETT AND ROBERT MAIHOS'
OPPOSITION TO CAPPSEALS INC.'S MOTION TO COMPEL**

Cappseals, Inc. ("Cappseals") seeks to discover the personal financial data of Donald Barrett and Robert Maihos for no other reason than to annoy, harass, and embarrass them, and its motion to compel this information should therefore be denied. Cappseals' motion should be denied for the additional reasons that (1) such discovery is not contemplated by Judge Tauro's April 5, 2006 Discovery Order (the "Order"); (2) Cappseals has not obtained any judgment against Barrett or Maihos, and thus even if the Discovery Order did allow broader discovery, Barrett's and Maihos' financial records would be undiscoverable as a matter of law; and (3) even if the foregoing hurdles could be overcome, Cappseals has nonetheless failed to satisfy the test set forth in its own brief regarding the discoverability of such financial data – a test that, incidentally, only relates to the discovery of tax returns, not other personal financial information.

**1. Judge Tauro's Discovery Order Does Not Contemplate The
Discovery Of Donald Barrett's And Robert Maihos' Personal Financial Data**

Judge Tauro's April 5, 2006 Discovery Order is very limited in scope. See Discovery Order (Attached hereto as Exhibit "A"). Judge Tauro ordered only that the parties provide (1) the names and addresses of individuals likely to have discoverable information; and (2)

"documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts <u>alleged with particularity in the pleadings</u>." (emphasis added). Furthermore, the Order expressly limited discovery to those two categories and was intended to be exhaustive, stating unequivocally that "[n]o additional discovery shall take place without further order of the court."[1] Indeed, Cappseals itself acknowledged the Order's limitations in a letter it sent in response to a subpoena Direct Marketing Concepts ("DMC") served upon McCarter & English, LLP. <u>See</u> November 8, 2006 Letter from Scott A. Silverman (Attached hereto as Exhibit "B") ("As I am sure you are aware, there are serious procedural flaws raised by your request. First and foremost, on April 5, 2006 the court issued an Order that specifically prohibited discovery – without leave of the Court – beyond a mutual exchange of relevant documents.").

The personal financial data of Barrett and Maihos does not fall within the purview of the Order. Nothing was alleged with particularity in Cappseals' complaint that would require Barrett or Maihos to produce such information. Specifically, Cappseals seeks to collect a judgment it obtained against ITV Direct, Inc. ("ITV"). In seeking this recovery, it has brought claims against DMC for alter ego and liability upon contract, and has alleged without any particularity certain unspecified fraudulent transfers from ITV Direct and non-party Direct Fulfillment. (<u>See</u> Cappseals' First Amended Complaint.) While these allegations arguably would support the compelled production of DMC's and ITV's financial records – which have been produced and reflect all transfers of any kind by each company – these general allegations do not support an argument that Barrett's and Maihos' personal financial data is somehow relevant to disputed

---

[1] In light of Judge Tauro's order, no formal discovery, such as written interrogatories or document requests, have been served upon the defendants by Cappseals.

2

facts alleged <u>with particularity</u> in Cappseals' pleadings.  As such, Cappseals' motion is not only unsupported, but is precluded by Judge Tauro's Order and it should therefore be denied.

**2.   Cappseals Is Not Entitled To Asset Discovery Prior To Obtaining A Judgment**

Even if Judge Tauro's Order did allow the discovery of Barrett's and Maihos' personal financial data – which it does not – such asset discovery would be barred as a matter of law because Cappseals has not obtained a final judgment against them.  The federal discovery rules generally prohibit a litigant from discovering facts about a party's assets and finances prior to obtaining a judgment against that party.  <u>See</u>, <u>e.g.</u>, <u>Resolution Trust Corp. v. Thorton</u>, 41 F.3d 1539, 1547 (D.C. Cir., 1994) (discovery of party's assets not appropriate prior to final judgment); <u>Sanderson v. Winner</u>, 507 F.2d 477, 480 (10th Cir. 1974) (defendants not entitled to discovery of assets and financial documents until judgment is obtained); <u>Seabulk Towing, Inc. v. Oceanografia S.A</u>, 2002 WL 1837855, *2-3 (E.D. La. 2002) (motion for protective order granted where plaintiff failed to provide a sufficient basis to show that pre-judgment discovery of defendants assets was relevant to its claims).  As is apparent from Rule 69 of the Federal Rules of Civil Procedure, such asset discovery is properly sought only if, and not until, Cappseals has obtained a final judgment against Barrett and Maihos.[2]  <u>See</u> <u>Bonilla v. Trebol Motors Corp.</u>, 1997 U.S.Dist. LEXIS 4370, 4395 (D.P.R. 1997) ("'Defendant will have ample opportunity for discovery under Rule 69 Fed. R. Civ. P. if it obtains judgment.'") (quoting <u>Sanderson v. Winner</u>, 507 F.2d 477, 479-80 (10th Cir. 1974)); <u>Buntzman v. Springfield Redev. Auth.</u>, 146 F.R.D. 33 (D. Mass. 1993) (party seeking financial information prior to judgment must demonstrate need for information).

---

[2] In pertinent part, Rule 69 provides: "In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided by these rules."

3

Here, the primary allegation by Cappseals is that inventory and assets were transferred from ITV Direct to DMC, and that DMC is the alter ego of ITV Direct. The current financial status and assets of Barrett and Maihos are irrelevant to Cappseals' claims in this regard and no direct claims against Barrett and/or Maihos have been made with particularity. In light of Judge Tauro's narrow discovery order, Cappseals has not shown any basis for departing from the general rule that discovery of a defendant's assets prior to the entry of judgment is not permitted. See Resolution Trust Corp. v. Feffer, 793 F. Supp. 11, 14 (D.D.C. 1992) (Plaintiff not entitled to discovery of financial information of respondents for purpose of discerning ability to satisfy a judgment). In light of the volume of financial information already provided by ITV Direct and DMC, including each company's general ledgers showing all revenues, expenses, and transfers, this Court should not permit Cappseals to circumvent Rule 69, obtain irrelevant information, and invade Barrett's and Maihos' privacy without some showing of need, which Cappseals has not established here. See E. A. Miller v. South Shore Bank, 405 Mass. 95 (1989) (parties may be denied discovery if they fail to make showing warranting the requested discovery).

### 3. Cappseals Has Failed To Satisfy The Test Regarding the Discoverability Of Tax Returns

Finally, even if Judge Tauro's Order was broad enough to cover the discovery sought here – which it is not – and even if personal asset discovery were allowed absent a final judgment – which it is not – Cappseals' motion should still fail. Cappseals cites two cases purporting to set forth a two-prong test the Court must apply when determining the discoverability of "tax returns and other personal financial information." See Buntzman, 146 F.R.D. at 32; Pedrazza v. Holiday Housewares, Inc., 203 F.R.D. 40, 43 (D. Mass. 2001). These cases, however, apply only to the discoverability of tax returns, and explicitly reject the notion that they apply more broadly to financial information generally. Buntzman, 146 F.R.D. at 33

4

(discussing discoverability of tax returns, and denying motion with respect to other financial statements); <u>Pedrazza</u>, 203 F.R.D. at 43 (discussing "two prong test regarding the discoverability of tax returns"). At best, the cases Cappseals cites in its motion stand only for the proposition that <u>tax</u> <u>returns</u> are discoverable if both prongs of the test set forth therein have been met. Cappseals has cited <u>no</u> authority supporting its motion with respect to Barrett's and Maihos' other personal financial information. In fact, the cited authority supports the opposite conclusion: that such information is not discoverable. <u>See</u> <u>Buntzman</u>, 146 F.R.D. at 33.

In order for tax returns to be discoverable, moreover, "(1) they must be relevant to the action and (2) the information contained therein must be otherwise unobtainable. The burden to show relevancy lies on the party seeking returns." <u>Pedrazza</u>, 203 F.R.D. at 43. These prongs must both be met so as to avoid "fishing expedition[s] into . . . largely irrelevant issues." <u>Id.</u> at 42. Here, as in <u>Pedrazza</u>, "[t]he incursion into the defendants' privacy that would stem from the production of their tax returns is unjustified." <u>Id</u>. at 43 (denying motion to compel).

Cappseals has failed to meet its burden of showing that Barrett's and Maihos' tax returns are relevant and otherwise unobtainable. This information is irrelevant because in the underlying action here, Cappseals' primary claim is that it should be able to collect from DMC a judgment it obtained against ITV Direct, under a theories of alter-ego and joint liability on contract. Thus, to the extent that any financial records are relevant, it would only be the records of DMC and ITV, and those records have already been produced to Cappseals.[3] The financial condition of Barrett or Maihos is not at issue here – as it has no bearing on whether DMC is an alter-ego of ITV, or

---

[3] Included within this production were the tax returns for both DMC and ITV Direct. Because DMC is a sub-chapter S corporation, these tax returns also reflect the retained earnings and distributions for tax purposes in DMC of both Barrett and Maihos. This is the only information that could possibly be relevant at this stage, and any additional information to be gleaned from their personal tax returns necessarily would fall outside of their relationship with DMC or monies obtained from DMC.

5

whether DMC is liable on the underlying purchase orders issued by Healthy Solutions. Accordingly, Cappseals has not – and cannot – establish the first prong of the discoverability test – relevancy. Cappseals tries to satisfy this prong by arguing that Barrett and Maihos' personal financial information is relevant based on Cappseals' general unspecified allegations that Barrett and Maihos were the recipients of fraudulent transfers from DMC and ITV.[4] Even if these general unspecified allegations could somehow establish relevancy, any records of such transfers from DMC or ITV to Barrett or Maihos would be readily available in the financial statements of DMC and ITV – which have been produced – and are therefore otherwise obtainable. As such, the second prong, unobtainability by other means, has not, and cannot, be established.

Thus, Cappseals' motion should be denied with respect to tax returns because Cappseals has failed to meet its burden of showing that Barrett's and Maihos' tax returns are relevant to its alter-ego claims against DMC, and because any records of transfers from ITV or DMC to Barrett or Maihos are otherwise obtainable through the companies' records, which have already been produced. Further, Cappseals has cited no authority supporting its demand that Barrett and Maihos produce personal financial information aside from tax returns, and the court should deny its motion with respect to that information "on the grounds of vagueness, burdensomeness and overbreadth." Buntzman, 146 F.R.D. at 33 (denying motion to compel with respect to request for "unspecified 'financial statements'"). Accordingly, Cappseals' motion to compel should be denied in its entirety because the personal financial records it seeks to discover are not discoverable under the test Cappseals relies upon in its own motion.

---

[4] In addition to their complete lack of particularity, these allegations make no sense. Since June 2004, both ITV Direct and DMC have been subject to an injunction in the related FTC case preventing transfers outside the ordinary course of business and requiring regular disclosure to the FTC. Since that date, the FTC has not alleged, nor is there any evidence of, any fraudulent transfers from either of these companies.

6

**CONCLUSION**

For the foregoing reasons Defendants Donald Barrett and Robert Maihos respectfully request that this Court deny Cappseals' motion to compel the production of their personal financial records.

Respectfully submitted,

DIRECT MARKETING CONCEPTS, INC.,
DONALD BARRETT, and ROBERT MAIHOS,

By their attorney(s),

 /s/ Christopher F. Robertson
Peter S. Brooks, BBO #058980
Christopher F. Robertson, BBO #642094
Susan W. Gelwick, BBO #567115
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated: January 3, 2007

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 3, 2007.

/s/  Christopher F. Robertson
Christopher F. Robertson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAPPSEALS, INC.

V                                       CIVIL ACTION No. 05-11907-JLT

DIRECT MARKETING

DISCOVERY ORDER

TAURO,.J.:

On or before, 04/21/05 the parties shall have exchanged and reviewed (1) all documents in accordance with Local Rule 26.2(A), and (2) sworn statements in accordance with Local Rule 26.1(B), and (3) a list of persons they wish to depose. A list of the proposed deponents should be presented to the court at the scheduling conference.

In addition, the parties shall, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information and

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

No additional discovery shall take place without further order of the court.

Counsel shall notify the court in writing, no less than (3) days prior to the scheduled conference, of pending motions. Any motion not brought to the court's attention (3) days prior to the scheduled conference will be deemed denied as moot.

The court does not accept any letters requesting decision or action. Any such request must be in the form of a motion. Letters submitted for information purposes only must be addressed to Zita Lovett, Deputy Clerk.

IT IS SO ORDERED.
04/5/2006

By the Court,
/s/ Zita Lovett,
DEPUTY CLERK

November 8, 2006    VIA E-MAIL AND US MAIL    

ATTORNEYS AT LAW

Christopher F. Robertson, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

Re: Cappseals, Inc v. Direct Marketing Concepts, Inc. et al.,
Civil Action No. 05-CV-11907-JLT

Dear Chris:

I am in receipt of the letter you hand delivered on November 6, 2006 purporting to contain a Rule 45 subpoena directed to McCarter & English, LLP ("McCarter") to appear for a deposition on November 15, 2006. As I am sure you are aware, there are serious procedural flaws raised by your request. First and foremost, on April 5, 2006 the Court issued an Order that specifically prohibited discovery – without leave of the Court - beyond a mutual exchange of relevant documents. While the parties later proposed a discovery schedule that allowed for depositions, the schedule called for a disclosure of intended deponents by July 3, 2006, and, a close of all fact discovery by September 29, 2006. Obviously, the deadlines to conduct depositions in the above referenced case have long since passed. Accordingly, no McCarter representative will appear for any deposition at this time.

On a related note, the document attached to your November 6th letter is not a subpoena. Rather it appears to be a notice of deposition for which you have never served an associated subpoena. We have asked for accommodations as to administrative formalities several times by requesting that you accept service of subpoenas to your clients – most recently on October 30th and October 31, 2006 in the related action where we are authorized to conduct discovery under Rule 69. However, you have not had the courtesy to even respond to our requests. Until such time as we have a mutual agreement, both parties should adhere to the formal rules relating to service.

Finally, because a subpoena was not timely or properly served, I will not address the substantive objections we have to the discovery you seek from McCarter. However, Cappseals reserve its right to substantively object to any effort to depose or seek documents directly from McCarter. Please feel free to contact me if you wish to discuss this matter further.

Sincerely,

Scott A. Silverman
SAS/jrg

cc: Daniel J. Kelly, Esq.
Peter Antonelli, Esq.

Scott A. Silverman
T. 617 345 7077
F. 617 204 8077
ssilverman@mccarter.com

McCarter & English, LLP
225 Franklin Street
Boston, MA 02110
T. 617.345.7000
F. 617.345.7050
www.mccarter.com

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

B0490039v1